In three related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of disposition of the Family Court, Kings County (White, J.), dated July 2, 2012, which, upon a fact-finding order of the same court dated January 10, 2012, made after a hearing, finding that she neglected the child Briana M. and derivatively neglected the children Matthew M. and Alexis M., placed her under the supervision of the Administration for Children’s Services for a period of two months, and (2) an order of the same court dated July 23, 2012, which denied her motion, in effect, to dismiss the petitions pursuant to Family Court Act § 1051 (c). The appeal from the order of disposition brings up for review the fact-finding order.
Ordered that the appeal from so much of the order of disposition as placed the mother under the supervision of the Adminis *473 tration for Children’s Services for a period of two months is dismissed as academic, without costs or disbursements, as the period of supervision has expired; and it is further,
Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements; and it is further,
Ordered that the order dated July 23, 2012, is affirmed, without costs or disbursements.
Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child’s welfare, the use of excessive corporal punishment constitutes neglect (see Matter of Isaiah S., 63 AD3d 948 [2009]; see also Penal Law § 35.10; Family Ct Act § 1012 [f] [i] [B]). The Family Court’s finding of neglect as to the child Briana M., based upon the mother’s use of excessive corporal punishment, is supported by a preponderance of the evidence (see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]). The evidence demonstrated that the mother struck then-eight-year-old Briana with a belt numerous times, causing marks on her back and arms (see Matter of Candacy C. [Clairmonte C.], 96 AD3d 836 [2012]; Matter of Delehia J. [Tameka J.], 93 AD3d 668, 669 [2012]).
The evidence, which established that the mother inflicted excessive corporal punishment on Briana, was sufficient to support the Family Court’s determination that the children Matthew M. and Alexis M. were derivatively neglected (see Matter of Delehia J. [Tameka J.], 93 AD3d at 669).
Contrary to the contentions of the mother and the attorney for the children, the Family Court did not improvidently exercise its discretion in denying the mother’s motion, in effect, to dismiss the petitions pursuant to Family Court Act § 1051 (c) on the ground that the aid of the court was not required. Despite the mother’s successful completion of parental skills training and anger management counseling, the court properly found that some type of supervision was appropriate, especially since the subject incident was not isolated and the mother had not yet completed individual counseling (see e.g. Matter of Phillips N. [Joy N], 104 AD3d 690, 691 [2013]; cf. Matter of Kayden H. [Kareena H.], 104 AD3d 764, 766 [2013]). Mastro, J.P., Hall, Lott and Sgroi, JJ., concur.