■ In the Matter of BIANCA M. ANTHONY M., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [722 NYS2d 766] —In a child protective proceeding pursuant to Family Court Act article 10, the appeals are from (1) a fact-finding order of the Family Court, Kings County (Hepner, J.), dated August 30, 1999, which, after a hearing, found that the appellant had sexually abused the child Bianca M. at a time when he was legally responsible for her, and (2), as limited by the appellant's brief, from so much of a dispositional order of the same court, dated November 4, 1999, as directed the appellant to complete a sex offender program.

Ordered that the appeal from the fact-finding order is dismissed, as that order was superseded by the dispositional order; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

The testimony in the record establishes that between 1993 and 1997, the appellant, Anthony M., was the boyfriend of Olga D., mother of the subject child. Anthony was often in Olga's apartment, and sometimes stayed overnight, although he officially resided elsewhere. On at least two occasions during 1994 and 1995, Anthony sexually abused Olga's 4-year-old daughter, Bianca M.

There is no merit to the appellant's contention that he cannot be considered to have been a person "responsible" for the care of Bianca because he did not live with the child on a full-time basis. Family Court Act 1012 (g) expressly encompasses paramours who regularly participate in the family setting and who therefore share to some degree in the supervisory responsibility for the children (see, People v Carroll, 93 NY2d 564, 568; Matter of Yolanda D., 88 NY2d 790, 795; Matter of R. Children, 195 AD2d 507, 509). The evidence, including the appellant's own testimony, established that the appellant frequently babysat for Olga's children while Olga ran her errands.

Further, the respondent proved by a preponderance of the evidence that the appellant sexually abused Olga's daughter. Bianca's sworn in-court testimony amply corroborated her consistent out-of-court descriptions of the abuse, with only

peripheral inconsistencies relating to time-frame and frequency (*see, Matter of Christina F.,* 74 NY2d 532; *Matter of Nicole V.,* 71 NY2d 112; *Matter of Christa H.,* 267 AD2d 586; *see also, Matter of Heather W.,* 211 AD2d 561; *Matter of Anita U.,* 185 AD2d 378, 380).

The appellant's remaining contentions are without merit. O'Brien, J. P., Ritter, Goldstein and Smith, JJ., concur.