■ In the Matter of ERICH J., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DANIELA J. et al., Appellants. (Proceeding No. 1.) In the Matter of RINA J., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DANIELA J. et al., Appellants. (Proceeding No. 2.) In the Matter of NICHOLAS S., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DANIELA J. et al., Appellants. (Proceeding No. 3.) In the Matter of NINA S., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DANIELA J. et al., Appellants. (Proceeding No. 4.) [803 NYS2d 205]—

In four related child protective proceedings pursuant to Family Court Act article 10, Daniela J. and Erich J. appeal, (1) from a decision of the Family Court, Suffolk County (Sweeney, J.), dated September 17, 2004, and (2), as limited by their brief, from so much of an order of fact-finding and disposition of the same court entered October 19, 2004, made after fact-finding and dispositional hearings, as found that they neglected Nicholas S. and Nina S., and derivatively neglected Erich J. and Rina J.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

A finding that a child is abused or neglected must be supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.*, 66 NY2d 1 [1985]). The evidence here, consisting of the children's out-of-court statements, corroborated by the appellants' admissions and the testimony of an employee of Suffolk County Child Protective Services, established that the appellants engaged in a pattern of neglect by the use of excessive corporal punishment (*see* Family Ct Act § 1012 [f] [i] [B]). Where a determination depends upon the assessment of the credibility of witnesses, the findings of the hearing court are entitled to great weight (*see Matter of H. Children*, 276 AD2d 485, 486-487 [2000]). Here, the evidence was sufficient to support the Family Court's finding, including the derivative findings of neglect as to two of the subject children (*see* Family Ct Act § 1046 [a] [vi]; [b] [i]; *Matter of Rico D.*, 19 AD3d 416 [2005]; *Matter of Daniel L.*, 302 AD2d 321 [2003]). Cozier, J.P., Ritter, Spolzino and Lunn, JJ., concur.