■ In the Matter of RACHEL H., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MIRIAM H., Appellant. (Proceeding No. 1.) In the Matter of SARAH H., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MIRIAM H., Appellant. (Proceeding No. 2.) In the Matter of FRIEDA H., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MIRIAM H., Appellant. (Proceeding No. 3.) In the Matter of DAVID H., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MIRIAM H., Appellant. (Proceeding No. 4.) [876 NYS2d 463]—

In four related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from a fact-finding order of the Family Court, Kings County (Danoff, J.), dated February 27, 2008, which, after a hearing, found that she neglected Rachel H. and derivatively neglected Sarah H., Frieda H., and David H.

Ordered that the fact-finding order is affirmed, without costs or disbursements.

A finding of neglect must be supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). Further, a single incident of excessive corporal punishment may suffice to sustain a finding of neglect (*see Matter of Aaliyah Q.,* 55 AD3d 969 [2008]; *Matter of Amanda E.,* 279 AD2d 917 [2001]; *Matter of Samuel Y.,* 270 AD2d 531 [2000]). Here, the Family Court's finding of neglect is supported by a preponderance of the evidence showing that the mother inflicted excessive corporal punishment upon her four-year-old daughter on the day in question. The subject child's out-of-court statements that her mother threw a can at her were sufficiently corroborated by both the photographs introduced into evidence at the hearing and the out-of-court statements of one of her sisters, her father, and the mother's admission that she threw the can. Although the mother claimed that she did not know the child was in the room when she threw the can, the Family Court deemed that testimony incredible. Given that the mother gave two versions as to how the injury occurred, it cannot be said that the Family Court erred in discrediting the mother's testimony (*see Matter of Erich J.,* 22 AD3d 849, 850 [2005]).

Finally, the Family Court properly determined that Frieda H., Sarah H., and David H. were derivatively neglected (*see, Matter of Daniella HH.,* 236 AD2d 715, 716 [1997]). Mastro, J.P., Santucci, Dickerson and Leventhal, JJ., concur.