■ In the Matter of ISAIAH S., a Child Alleged to be Neglected. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HELENA S., Appellant. (Proceeding No. 1.) In the Matter of SAPPHIRE S., a Child Alleged to be Neglected. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HELENA S., Appellant. (Proceeding No. 2.) In the Matter of ELIJAH S., a Child Alleged to be Neglected. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HELENA S., Appellant. (Proceeding No. 3.) [880 NYS2d 528]—

In related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Nassau County (Marks, J.), dated December 20, 2007, which, after fact-finding and dispositional hearings, found that Isaiah S. was a neglected child, and that Sapphire S. and Elijah S. were derivatively neglected children, within the meaning of Family Court Act § 1012 (f) (i) (B), placed her under the petitioner's supervision for a period of one year, directed her to comply with a one-year order of protection, and released the subject children to the custody of the nonparty father.

Ordered that the appeal from so much of the order of fact-finding and disposition as placed the mother under the petitioner's supervision and directed that the mother comply with an order of protection is dismissed as academic, without costs or disbursements, as that portion of the order has expired by its own terms (*see Matter of Daniel W.*, 56 AD3d 483 [2008]; *Matter of Matthew C.*, 300 AD2d 394 [2002]); and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

Although parents have a right to use reasonable physical force "to maintain discipline or to promote the welfare" of their children (Penal Law § 35.10 [1]), the use of "excessive corporal punishment" constitutes neglect (Family Ct Act § 1012 [f] [i] [B]). In this case, the Family Court's finding of neglect based on the use of excessive corporal punishment was supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Erich J.*, 22 AD3d 849 [2005]). The evidence demonstrated that the mother struck the child Isaiah S. with a belt buckle, causing bruising on both arms. Isaiah's out-of-court statements that his mother struck him were sufficiently corroborated by the caseworker's observation of Isaiah's injuries and the out-of-court statements of Isaiah's siblings Sapphire S. and Elijah S., who told the caseworker that the mother had struck Isaiah with a belt and other objects (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicholas L.*, 50 AD3d 1141 [2008]; *Matter of Joshua B.*, 28 AD3d 759, 761 [2006]). The Family Court's determination that the mother lacked credibility when she testified that she never hit her children is entitled to deference (*see Matter of Erich J.*, 22 AD3d at 849) and, moreover, is fully supported by the record. Thus, the evidence was sufficient to support the Family Court's finding of neglect as to Isaiah, as well as its finding that Sapphire and Elijah were derivatively neglected (*see Matter of Daniella HH.*, 236 AD2d 715, 716 [1997]). Prudenti, P.J., Miller, Eng and Belen, JJ., concur.