■ In the Matter of Sadiq H., a Child Alleged to be Neglected. Administration for Children's Services, Respondent; Karl H., Appellant, et al., Respondent. [915 NYS2d 867]—

In a child protective proceeding pursuant to Family Court Act article 10, the father appeals (1) from a fact-finding order of the Family Court, Queens County (Tally, J.), dated December 4, 2008, which, after a hearing, found that he neglected the subject child, and (2), as limited by his brief, from so much of an order of disposition of the same court dated March 18, 2010, as, upon the fact-finding order, placed the child in the custody of the Commissioner of Social Services of Queens County until the completion of the next permanency hearing.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the father's contention, the Family Court's finding of neglect is supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i] [B]; § 1046 [a] [iii]; [b] [i]; *Matter of Ayana Jean L.*, 23 AD3d 472, 473 [2005]; *Matter of Sade W.*, 286 AD2d 770, 771 [2001]; *see also Matter of Arthur S. [Rose S.]*, 68 AD3d 1123, 1123-1124 [2009]). Where, as here, the Family Court is confronted primarily with issues of credibility, its factual findings are entitled to considerable deference on appeal, unless clearly unsupported by the record (*see Matter of Andrew B. [Deborah B.]*, 73 AD3d 1036, 1036 [2010]; *Matter of Justin J.*, 25 AD3d 1031, 1033 [2006]; *see also Matter of Angelyna G.*, 46 AD3d 304 [2007]). The testimony adduced at the fact-finding hearing established that the father regularly used crack cocaine, at times in the presence of the subject child. By submitting proof of the father's repeated misuse of drugs, the petitioner established a prima facie case of neglect pursuant to Family Court Act § 1046 (a) (iii) (*see Matter of Nikita A.*, 16 AD3d 736, 737 [2005]; *cf. Matter of Anastasia G.*, 52 AD3d 830, 832 [2008]) and, therefore, "neither actual impairment [of the child's physical, mental, or emotional condition] nor specific risk of impairment need be established" (*Matter of Paolo W.*, 56 AD3d 966, 967 [2008] [internal quotation marks omitted]; *see Matter of Stefanel Tyesha C.*, 157 AD2d 322, 328 [1990]).

In addition to the evidence of the father's repeated drug use,

the Family Court's finding of neglect is further supported by evidence demonstrating that the father was aware of the mother's drug use during the time when she was responsible for the child's care, and that he failed to intervene (*see Matter of Tylasia B. [Wayne B.]*, 72 AD3d 1074, 1075 [2010]; *Matter of Larry B.*, 39 AD3d 399 [2007]; *see also Matter of Roy R.*, 6 AD3d 213, 213-214 [2004]). Rivera, J.P., Leventhal, Sgroi and Miller, JJ., concur.