■ In the Matter of CHARLIE S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; RONG S., Appellant, et al., Respondent. [920 NYS2d 187]—

The father does not challenge the Family Court's finding of neglect based on the use of excessive corporal punishment. He instead contends that the Family Court's findings that he neglected the subject child by failing to address the child's mental health needs and that he inappropriately touched the child's buttocks were not supported by sufficient evidence.

Although the father was aware of the child's behavioral

problems in elementary school, which included inappropriate sexual behavior towards other boys, he failed to follow the recommendations of the school principal, school guidance counselor, and caseworker for the Administration for Children's Services that he obtain psychological counseling for the child. As a result, a preponderance of the evidence supports a finding that the father failed to address the child's mental health needs (*see Matter of Stephen GG.*, 279 AD2d 651 [2001]; *Matter of Ijeoma O.*, 271 AD2d 691 [2000]).

Further, contrary to the father's contention, the child's out-of-court statements alleging that the father inappropriately touched his buttocks were sufficiently corroborated by testimony from the child's caseworker and from his high school principal, both of whom stated that the child related to them that such activity occurred (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 117-118 [1987]; *Matter of Dave D. [Mary E.S.]*, 78 AD3d 829 [2010]; *Matter of Rachel H.*, 60 AD3d 1060, 1061 [2009]; *Matter of Erich J.*, 22 AD3d 849, 850 [2005]; *Matter of James A.*, 217 AD2d 961 [1995]). This evidence, together with a negative inference drawn from the father's failure to testify, was sufficient to support the Family Court's finding (*see Matter of Imman H.*, 49 AD3d 879 [2008]), and the child's testimony recanting his prior allegations does not mandate that the finding be set aside (*see Matter of Tristan R.*, 63 AD3d 1075 [2009]; *Matter of Kayla N.*, 41 AD3d 920, 922 [2007]; *Matter of Allison B.*, 41 AD3d 842 [2007]).

The father's remaining contentions are unpreserved for appellate review. Covello, J.P., Dickerson, Eng and Sgroi, JJ., concur.