■ In the Matter of PADMINE M. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; SANDRA M. et al., Respondents. STEVEN BANKS, Nonparty Appellant. (Proceeding No. 1.) In the Matter of PRETISHA M. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; SANDRA M. et al., Respondents. STEVEN BANKS, Nonparty Appellant. (Proceeding No. 2.) [922 NYS2d 527]—

In two related abuse and neglect proceedings pursuant to Family Court Act article 10, the Administration for Children's Services and the Attorney for the Child for Padmine M. separately appeal from an order of the Family Court, Queens County (Tally, J.), dated August 12, 2010, which, after a fact-finding hearing, dismissed the petitions.

Ordered that the appeal by the Attorney for the Child for Padmine M. from so much of the order as dismissed the petition in proceeding No. 2 is dismissed, as he is not aggrieved by that portion of the order; and it is further,

Ordered that the order is modified, on the law, by deleting the

provision thereof dismissing the petition in proceeding No. 1 insofar as asserted against the father and substituting therefor a provision finding that the father neglected the child Padmine M.; as so modified, the order is affirmed, without costs or disbursements, the petition in proceeding No. 1 insofar as asserted against the father is reinstated, and the matter is remitted to the Family Court, Queens County, for a dispositional hearing on the petition in proceeding No. 1 insofar as asserted against the father.

Parents possess a right to use reasonable physical force to discipline their children (see Matter of Isaiah S., 63 AD3d 948, 949 [2009]; see also Penal Law § 35.10 [1]). However, a parent's use of excessive corporal punishment constitutes neglect (see Family Ct Act § 1012 [f] [i] [B]; Matter of Isaiah S., 63 AD3d at 949). A finding of neglect must be supported by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]; Matter of Tammie Z., 66 NY2d 1 [1985]; Matter of Isaiah S., 63 AD3d at 949; Matter of Derek J., 56 AD3d 558, 558-559 [2008]). A single incident of excessive corporal punishment may suffice to sustain a finding of neglect (see Matter of Aaliyah Q., 55 AD3d 969, 970 [2008]). Here, the evidence presented at the fact-finding hearing established that the father inflicted excessive corporal punishment on his 15-year-old daughter, Padmine, when he hit her several times with a pole, causing bruises to her arm and back. Accordingly, the Family Court should have found that he neglected her (see Matter of Steven L., 28 AD3d 1093 [2006]; Matter of Maria Raquel L., 36 AD3d 425 [2007]).

However, contrary to the petitioner's contention, the evidence did not establish that the mother had neglected Padmine, either by inflicting excessive corporal punishment on her (see Matter of Corey Mc. [Tanya Mc.], 67 AD3d 1015, 1016 [2009]) or by failing to protect her (cf. Matter of Rayshawn R., 309 AD2d 681, 682 [2003]).

Although Family Court Act § 1046 (a) (i) allows evidence of abuse or neglect of one sibling to be considered in determining whether other children in the household were abused or neglected (see Matter of Shawndel M., 33 AD3d 1006, 1007 [2006]; Matter of Christina Maria C., 89 AD2d 855 [1982]), the statute does not mandate a finding of derivative neglect (see Matter of Rasheda S., 183 AD2d 770 [1992]). Under the circumstances of this case, the credible evidence does not support a finding of derivative neglect with respect to the child Pretisha (see Matter of Andrew B.-L., 43 AD3d 1046, 1047-1048 [2007]; Matter of New York City Dept. of Social Servs. v Alex R., 209 AD2d 702, 702-703 [1994]). Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.