■ In the Matter of DELEHIA J. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TAMEKA J., Appellant. (Proceeding No. 1.) In the Matter of CHRISTOPHER J. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TAMEKA J., Appellant. (Proceeding No. 2.) In the Matter of JOSHUA J. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TAMEKA J., Appellant. (Proceeding No. 3.) [939 NYS2d 570]—

In three related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from (1) a fact-finding order of the Family Court, Westchester County (Edwards, J.), entered April 19, 2010, which, after a hearing, found that she neglected the subject children, and (2) an order of disposition of the same court entered November 8, 2010, which, upon the fact-finding order, inter alia, released the children to her custody with supervision until October 18, 2011.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as released the children to the mother's custody with supervision until October 18, 2011, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect (*see Matter of Isaiah S.*, 63 AD3d 948 [2009]; *see also* Penal Law § 35.10; Family Ct Act § 1012 [f] [i] [B]). The Family Court's finding of neglect as to the subject child Delehia, based upon the mother's use of excessive corporal punishment, is supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [i]). The evidence demonstrated that the mother struck then-five-year-old Delehia with a belt six times, causing a mark or laceration to her forehead which required medical attention (*see Matter of Kathleen K.*, 66 AD3d 683 [2009]; *Matter of Isaiah S.*, 63 AD3d 948 [2009]; *Matter of Rachel H.*, 60 AD3d 1060 [2009]; *Matter of Maria Raquel L.*, 36 AD3d 425 [2007]).

The evidence, which established that the mother inflicted excessive corporal punishment on Delehia, was sufficient to support the Family Court's determination that the subject children Christopher and Joshua were derivatively neglected (*see Matter of James S. [Kathleen S.]*, 88 AD3d 1006 [2011]; *Matter of Abigail G. [Barrington G.]*, 84 AD3d 1235 [2011]; *Matter of Jordan W.*, 59 AD3d 558 [2009]).

The Family Court erred in entering into evidence a Child

Protective Services intake report of the Office of Child and Family Services with the identity of the reporter having been redacted (*see* Family Ct Act §§ 1038, 1046 [a] [v]). However, the Family Court's erroneous admission of the report into evidence was harmless, and does not require reversal, because the mother was not prejudiced thereby, and the record reflects that the Family Court relied upon other testimony and evidence which was sufficient, standing alone, to support the finding of neglect (*see Matter of Kinara C. [Jerome C.]*, 89 AD3d 839 [2011]; *Matter of Yolanda D.*, 218 AD2d 648 [1995], *affd* 88 NY2d 790 [1996]; *see also Matter of Zaire D. [Benellie R.]*, 90 AD3d 923 [2011]).

Contrary to the mother's contention, the Family Court was entitled to draw a negative inference against her upon her failure to testify at the fact-finding hearing (*see Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73 [1995]; *Matter of Christiana C. [Carleton C.]*, 86 AD3d 606 [2011]; *Matter of Tajani B.*, 49 AD3d 876 [2008]; *Matter of Jasmine A.*, 18 AD3d 546 [2005]; *cf. Matter of Devon A.*, 78 AD3d 1171 [2010]). Dillon, J.P., Florio, Austin and Roman, JJ., concur.