■ In the Matter of ALAYSHA E. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHN R.E., Appellant. [942 NYS2d 589]—

In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Hoffmann, J.), dated July 5, 2011, which, after a fact-finding and dispositional hearing, found that he had abused and neglected the subject child, and placed him under the supervision of the Suffolk County Department of Social Services pursuant to enumerated terms and conditions.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

"At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected" (*Matter of Kassandra V. [Sylvia L.]*, 90 AD3d 940, 941 [2011]; *see* Family Ct Act § 1046 [b] [i]; *Matter of Ndeye D. [Benjamin D.]*, 85 AD3d 1026, 1027 [2011]).

Contrary to the father's contention, the Family Court's determination that he sexually abused the subject child is supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [e] [iii]; § 1046 [b] [i]; Penal Law § 130.65 [3]; *Matter of Lindsay B. [Carlton B.]*, 80 AD3d 763, 764 [2011]). The Family Court has considerable discretion in deciding whether a child's out-of-court statements describing incidents of abuse have been reliably corroborated and whether the record as a whole supports such a finding (*see Matter of Christina F.*, 74 NY2d 532, 536 [1989]; *Matter of Alexander M. [Benjamin M.]*, 88 AD3d 794, 795 [2011]). Here, the child's sworn in-court testimony suf-

ficiently corroborated her consistent out-of-court description of the abuse (*see Matter of Christina F.*, 74 NY2d at 536-537; *Matter of Bianca M.*, 282 AD2d 536 [2001]).

Further, the Family Court's determination that the father neglected the subject child also was supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). The evidence established that the father was highly intoxicated in the child's presence, the child was not appropriately dressed for the cold weather, and that the father exposed the child to conditions which created an imminent danger of impairing her physical, emotional, or mental condition (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Samara M.*, 19 AD3d 214, 214 [2005]; *Matter of Jessica DiB.*, 6 AD3d 533, 534 [2004]). Balkin, J.P., Leventhal, Roman and Sgroi, JJ., concur.