In the Matter of YANNI D. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. HOPE J., Appellant. (Proceeding No. 1.) In the Matter of RUDOLPH A.H. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; HOPE J., Appellant. (Proceeding No. 2.) [944 NYS2d 923]—

In two related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding of the Family Court, Queens County (Tally, J.), dated August 17, 2011, which, after a hearing, found that she had neglected the child Rudolph A.H. and derivatively neglected the child Yanni D.

Ordered that the order of fact-finding is affirmed, without costs or disbursements.

After a fact-finding hearing under Family Court Act article 10, any determination that a child is abused or neglected must be based on a preponderance of the evidence (see Family Ct Act § 1046 [b]; Matter of Nicole V., 71 NY2d 112, 117 [1987]; Matter of Dareth O., 304 AD2d 667, 668 [2003]). Neglect may be established by even a single incident of excessive corporal punishment (see Matter of Padmine M. [Sandra M.], 84 AD3d 806, 807 [2011]; Matter of Rachel H., 60 AD3d 1060 [2009]). The Family Court's assessment of the credibility of witnesses is entitled to considerable deference (see Matter of Irene O., 38 NY2d 776 [1975]; Matter of Sadiq H. [Karl H.], 81 AD3d 647 [2011]).

Here, contrary to the mother's contention, the Family Court's finding of neglect of the child Rudolph A.H. based on excessive corporal punishment was supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of James S. [Kathleen S.]*, 88 AD3d 1006 [2011]; *Matter of Padmine M. [Sandra M.]*, 84 AD3d 806 [2011]; *Matter of Sadiq H. [Karl H.]*, 81 AD3d 647 [2011]; *Matter of Isaiah S.*, 63 AD3d 948 [2009]; *Matter of Derek J.*, 56 AD3d 558 [2008]). The Family Court's finding that the mother engaged in excessive corporal punishment when she initiated an altercation in which she slapped and scratched Rudolph A.H. is supported by the evidence presented at the fact-finding hearing, including testimony of a caseworker and a police officer, and a nurse's report describing the child's injuries.

The evidence also supported the derivative finding of neglect as to the child Yanni D. (*see Matter of James S. [Kathleen S.]*, 88 AD3d 1006 [2011]; *Matter of Isaiah S.*, 63 AD3d at 949; *Matter of Jordan W.*, 59 AD3d 558 [2009]; *Matter of Devontay M.*, 56 AD3d 561, 562 [2008]). Dillon, J.P., Leventhal, Hall and Austin, JJ., concur.