■ In the Matter of JOSEPH O'D. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DENISE O'D., Appellant. (Proceeding No. 1.) In the Matter of JAMES P. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DENISE O'D., Appellant, et al., Respondent. (Proceeding No. 2.) [958 NYS2d 731]—

In two related child protective proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Orange County (Bivona, J.), entered October 4, 2011, as, after a hearing, found that she had neglected the child Joseph O'D. and derivatively neglected the child James P.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

After a fact-finding hearing under Family Court Act article 10, any finding that a child is abused or neglected must be based on a preponderance of the evidence (*see* Family Ct Act § 1046 [b]; *Matter of Nicole V.*, 71 NY2d 112, 117 [1987]; *Matter of Yanni D. [Hope J.]*, 95 AD3d 1313, 1313 [2012]; *Matter of Dareth O.*, 304 AD2d 667, 668 [2003]). Neglect may be established by even a single incident of excessive corporal punishment (*see Matter of Yanni D. [Hope J.]*, 95 AD3d at 1313; *Matter of Padmine M. [Sandra M.]*, 84 AD3d 806, 807 [2011]; *Matter of Rachel H.*, 60 AD3d 1060, 1061 [2009]). The Family Court's assessment of the credibility of witnesses is entitled to considerable deference (*see Matter of Irene O.*, 38 NY2d 776, 777 [1975]; *Matter of Yanni D. [Hope J.]*, 95 AD3d at 1313; *Matter of Sadiq H. [Karl H.]*, 81 AD3d 647, 647 [2011]).

Here, contrary to the mother's contention and the position of the attorney for the children, the Family Court's finding of neglect of the child Joseph O'D. was supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of James S. [Kathleen S.]*, 88 AD3d 1006, 1006-1007 [2011]; *Matter of Padmine M. [Sandra M.]*, 84 AD3d at 807; *Matter of Sadiq H. [Karl H.]*, 81 AD3d at 647). The child's out-of-court statements that his mother hit and scratched him were sufficiently corroborated by testimony from the child's caseworker and from two police officers, all of whom observed the child's injuries. Moreover, the nature of the subject child's injuries supported a finding of excessive corporal punishment (*see Matter of Yanni D. [Hope J.]*, 95 AD3d at 1314). This evidence, together with the negative inference drawn from the mother's failure to testify, was sufficient to support the Family Court's finding (*see Matter of Alanah M. [Donnie M.]*, 96 AD3d 757, 758 [2012]; *Matter of Charlie S. [Rong S.]*, 82 AD3d 1248, 1249 [2011]; *Matter of Imman H.*, 49 AD3d 879, 880 [2008]; *Matter of Tajani B.*, 49 AD3d 876, 876-877 [2008]).

The evidence also supported the finding that the mother derivatively neglected the child James P. (*see* Family Ct Act § 1046 [a] [i]; *see also Matter of Devontay M.*, 56 AD3d 561, 562 [2008]; *Matter of Nicholas L.*, 50 AD3d 1141, 1142 [2008]).

Since the father did not appeal from the order, the contention of the attorney for the children that the record did not support a finding of neglect against him is not properly before this Court. Mastro, J.P., Dickerson, Sgroi and Hinds-Radix, JJ., concur.