■ In the Matter of NURRIDIN B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LOUIS J., Appellant. (Proceeding No. 1.) In the Matter of ELIJAH J. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LOUIS J., Appellant. (Proceeding No. 2.) In the Matter of SHERVON M. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LOUIS J., Appellant. (Proceeding No. 3.) [982 NYS2d 910]—

In related child neglect proceedings pursuant to Family Court Act article 10, Louis J. appeals from (1) an order of disposition of the Family Court, Kings County (White, J.), dated January 24, 2013, which, after fact-finding and dispositional hearings, and upon a finding that he neglected the child Shervon M., placed that child in the custody of the New York City Department of Social Services until completion of the next permanency hearing, and (2) an order of disposition of the same court, also dated January 24, 2013, which, after fact-finding and dispositional hearings, and upon a finding that he derivatively neglected the children Nurridin B. and Elijah J., inter alia, directed that the New York City Department of Social Services supervise his parenting of those children.

Ordered that the orders of disposition are affirmed, without costs or disbursements.

After a fact-finding hearing under Family Court Act article 10, any determination that a child is abused or neglected must be based on a preponderance of the evidence (*see* Family Ct Act § 1046 [b]; *Matter of Nicole V.*, 71 NY2d 112, 117 [1987]; *Matter of Dareth O.*, 304 AD2d 667, 668 [2003]). Neglect may be established by even a single incident of excessive corporal punishment (*see Matter of Padmine M. [Sandra M.]*, 84 AD3d 806, 807 [2011]; *Matter of Rachel H.*, 60 AD3d 1060 [2009]). The Family Court's assessment of the credibility of witnesses is entitled to considerable deference (*see Matter of Irene O.*, 38 NY2d 776 [1975]; *Matter of Sadiq H. [Karl H.]*, 81 AD3d 647 [2011]).

Here, contrary to the appellant's contention, the Family Court's finding of neglect of the child Shervon M., based on excessive corporal punishment, was supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of James S. [Kathleen S.]*, 88 AD3d 1006 [2011]; *Matter of Padmine M. [Sandra M.]*, 84 AD3d 806 [2011]; *Matter of Sadiq H. [Karl H.]*, 81 AD3d 647 [2011]; *Matter of Isaiah S.*, 63 AD3d 948 [2009]; *Matter of Derek J.*, 56 AD3d 558 [2008]). The Family Court's finding that the appellant engaged in excessive corporal punishment when he struck the child Shervon M. several times with a belt, causing raised red marks on her arm and legs, is supported by the evidence presented at the fact-finding hearing. Shervon's out-of-court statements that the appellant struck her with a belt were sufficiently corroborated by the caseworker's observations of Shervon's injuries and the appellant's admission to the caseworker that he had struck Shervon with a belt in the past (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Isaiah S.*, 63

AD3d at 949; *Matter of Nicholas L.*, 50 AD3d 1141 [2008]; *Matter of Joshua B.*, 28 AD3d 759, 761 [2006]). The Family Court's determination that the appellant lacked credibility when he testified that he never hit Shervon with a belt is entitled to deference (*see Matter of Irene O.*, 38 NY2d 776 [1975]; *Matter of Sadiq H. [Karl H.]*, 81 AD3d 647 [2011]) and, moreover, is fully supported by the record.

The evidence also supported the derivative finding of neglect as to the children Nurridin B. and Elijah J. (*see* Family Ct Act § 1046 [a] [i]; *see also Matter of James S. [Kathleen S.]*, 88 AD3d 1006 [2011]; *Matter of Devontay M.*, 56 AD3d 561 [2008]; *Matter of Nicholas L.*, 50 AD3d 1141 [2008]). Dillon, J.P., Hall, Austin and Duffy, JJ., concur.