In the Matter of JALLAH J. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; GEORGE J., Appellant. (Proceeding No. 1.) In the Matter of TAH-ASIA J. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; GEORGE J., Appellant. (Proceeding No. 2.) In the Matter of TAHEEN J. ADMINISTRATION OF CHILDREN'S SERVICES, Respondent; GEORGE J., Appellant. (Proceeding No. 3.) [989 NYS2d 91]—

In related child protective proceedings pursuant to Family Court Act article 10, George J. appeals from an order of fact-finding of the Family Court, Richmond County (Wolff, J.), dated January 29, 2013, which, after a fact-finding hearing, found that he neglected the child Taheen J. and derivatively neglected the children Jallah J. and Tah-Asia J.

Ordered that the order of fact-finding is affirmed, without costs or disbursements.

After a fact-finding hearing pursuant to Family Court Act article 10, any finding that a child is abused or neglected must be based on a preponderance of the evidence (*see* Family Ct Act § 1046 [b]; *Matter of Nicole V.*, 71 NY2d 112, 117 [1987]; *Matter of Yanni D. [Hope J.]*, 95 AD3d 1313, 1313 [2012]). Neglect may be established by even a single incident of excessive corporal punishment (*see Matter of Joseph O'D. [Denise O'D.]*, 102 AD3d 874, 875 [2013]; *Matter of Yanni D. [Hope J.]*, 95 AD3d at 1313; *Matter of Padmine M. [Sandra M.]*, 84 AD3d 806, 807 [2011]). The Family Court's assessment of the credibility of witnesses is entitled to considerable deference (*see Matter of Irene O.*, 38 NY2d 776, 777 [1975]; *Matter of Yanni D. [Hope J.]*, 95 AD3d at 1313).

Here, contrary to the appellant's contention, the Family Court's finding of neglect with respect to the child Taheen J., based on excessive corporal punishment, was supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i] [B]). Taheen's out-of-court statements that the appellant choked and scratched his neck were sufficiently corroborated by testimony from a caseworker regarding her observations of Taheen's injuries, as well as by photographs of the injuries to his neck (*see Matter of Amerriah S. [Kadiatou Y.]*, 100 AD3d 1006, 1007 [2012]; *Matter of Isaiah S.*, 63 AD3d 948, 949 [2009]; *Matter of Nicholas L.*, 50 AD3d 1141, 1142 [2008]).

The evidence also supported the derivative finding of neglect as to the children Jallah J. and Tah-Asia J. (*see* Family Ct Act § 1046 [a] [i]; *Matter of Jacob P. [Sasha R.]*, 107 AD3d 719, 720 [2013]; *Matter of Delehia J. [Tameka J.]*, 93 AD3d 668, 669 [2012]; *Matter of James S. [Kathleen S.]*, 88 AD3d 1006, 1006-1007 [2011]). Chambers, J.P., Austin, Hinds-Radix and Duffy, JJ., concur.