■ In the Matter of Dylan G. Administration for Children's Services, Respondent; Victor M., Jr., Appellant. (Proceeding No. 1.) In the Matter of Tayina I.M. Administration for Children's Services, Respondent; Victor M., Jr., Appellant. (Proceeding No. 2.) [989 NYS2d 321]—

In related child protective proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Queens County (Salinitro, J.), dated March 13, 2012, which, after a hearing, found that he sexually abused the child Tayina I.M. and neglected the children Tayina I.M. and Dylan G., and (2) an order of disposition of the same court dated June 25, 2012, which, upon the order of fact-finding, and after a dispositional hearing, released the children to the nonrespondent mother.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

After a fact-finding hearing pursuant to Family Court Act article 10, any determination that a child is abused or neglected must be based on a preponderance of the evidence (see Family Ct Act § 1046 [b]; Matter of Nicole V., 71 NY2d 112, 117 [1987]; Matter of Dareth O., 304 AD2d 667, 668 [2003]). The Family Court's assessment of the credibility of witnesses is entitled to considerable deference (see Matter of Irene O., 38 NY2d 776 [1975]; see also Matter of Nurridin B. [Louis J.], 116 AD3d 770 [2014]; Matter of Jada A. [Robert W.], 116 AD3d 769 [2014]).

Family Court Act § 1012 (e) (iii) provides that an abused child is "a child less than eighteen years of age whose parent or other person legally responsible for his care . . . commits, or allows to be committed an offense against such child defined in article one hundred thirty of the penal law." Penal Law § 130.55 provides that "[a] person is guilty of sexual abuse in the third degree when he or she subjects another person to sexual contact without the latter's consent."

The Family Court's finding that the appellant sexually abused his daughter Tayina I.M. was supported by a preponderance of the evidence (see Family Ct Act §§ 1012 [e] [iii]; 1046 [b] [i]; Penal Law § 130.55; Matter of Joshua P. [David J.], 111 AD3d 836 [2013]). In light of the conflicting testimony presented at the fact-finding hearing, the factual findings of the Family Court turned largely on its assessment of witnesses' credibility. Here, there is no basis in the record to disturb the Family Court's assessment of the witnesses' credibility.

Parents possess a right to use reasonable physical force to discipline their children (see Matter of Isaiah S., 63 AD3d 948, 949 [2009]; see also Penal Law § 35.10 [1]). However, a parent's use of excessive corporal punishment constitutes neglect (see Family Ct Act § 1012 [f] [i] [B]; Matter of Isaiah S., 63 AD3d at 949), and neglect may be established by even a single incident of excessive corporal punishment (see Matter of Nurridin B. [Louis J.], 116 AD3d at 770; Matter of Padmine M. [Sandra M.], 84 AD3d 806, 807 [2011]; Matter of Rachel H., 60 AD3d 1060 [2009]).

Here, contrary to the appellant's contention, the Family Court's finding of neglect of the children based on excessive

corporal punishment was supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Nurridin B. [Louis J.]*, 116 AD3d 770 [2014]; *Matter of Yanni D. [Hope J.]*, 95 AD3d 1313, 1314 [2012]; *Matter of James S. [Kathleen S.]*, 88 AD3d 1006 [2011]; *Matter of Padmine M. [Sandra M.]*, 84 AD3d at 806). Balkin, J.P., Leventhal, Maltese and LaSalle, JJ., concur.