■ In the Matter of DAVID P. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ELISA P., Appellant. (Proceeding No. 1.) In the Matter of KAREEM E. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ELISA P., Appellant. (Proceeding No. 2.) In the Matter of ABIGAIL P. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ELISA P., Appellant. (Proceeding No. 3.) [13 NYS3d 498]—Appeals from an order of fact-finding of the Family Court, Queens County (John M. Hunt, J.), dated May 8, 2013, and an order of disposition of that court (Mary R. O'Donoghue, J.), dated August 8, 2013. The order of fact-finding found that the mother neglected the child Kareem E. and derivatively neglected the child David P. The order of disposition, insofar as appealed from, released the child David P. to the mother with supervision by the Administration for Children's Services for a period of six months and placed the child Kareem E. in a residential treatment facility.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the mother under the supervision of the Administration for Children's Services for a period of six

months is dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition is modified, on the law, by vacating the provision thereof finding that the mother derivatively neglected the child David P.; as so modified, the order of disposition is affirmed insofar as reviewed, without costs or disbursements, and the order of fact-finding is modified accordingly.

The appeal from so much of the order of disposition as placed the mother under the supervision of the Administration for Children's Services for a period of six months must be dismissed as academic, as that portion of the order expired by its own terms (see Matter of Kaleb B. [Harold S.], 119 AD3d 780 [2014]; Matter of Joshua P. [David J.], 111 AD3d 836 [2013]).

"[S]ince an adjudication of abuse or neglect constitutes a permanent and significant stigma that might indirectly affect the appellant's status in future proceedings, the appeal from the remainder of the order of disposition, which brings up for review the findings of neglect and derivative neglect in the order of fact-finding" dated May 8, 2013, is not academic (Matter of Cheryale B. [Michelle B.], 121 AD3d 976, 977 [2014] [internal quotation marks omitted]; see Matter of Monica C.M. [Arnold A.], 107 AD3d 996, 997 [2013]).

The petitioner established, by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]), that the mother's conduct with respect to the child Kareem E. impaired his mental or emotional well-being, or placed him in imminent danger of such impairment (see Family Ct Act § 1012 [f]; Nicholson v Scoppetta, 3 NY3d 357 [2004]; Matter of Kevin M.H. [Kenneth H.], 76 AD3d 1015 [2010]). Accordingly, the Family Court's determination that the mother neglected Kareem E. was supported by a preponderance of the evidence, and will not be disturbed (see Matter of Monica C.M. [Arnold A.], 107 AD3d at 997; Matter of Justin J., 25 AD3d 1031, 1033 [2006]).

"Although Family Court Act § 1046 (a) (i) allows evidence of abuse or neglect of one sibling to be considered in determining whether other children in the household were abused or neglected, the statute does not mandate a finding of derivative neglect" (Matter of Padmine M. [Sandra M.], 84 AD3d 806, 807 [2011] [citations omitted]). "The focus of the inquiry required to determine whether derivative neglect has occurred is whether the evidence of abuse or neglect of one child indicates a fundamental defect in the parent's understanding of the duties

of parenthood" (*Matter of Anastasia L.-D. [Ronald D.]*, 113 AD3d 685, 687 [2014]). Under the circumstances of this case, the preponderance of the evidence did not support a finding of derivative neglect with respect to the child David P. (*see Matter of Padmine M. [Sandra M.]*, 84 AD3d at 807; *Matter of Andrew B.-L.*, 43 AD3d 1046, 1047-1048 [2007]).

The mother's remaining contentions are without merit. Balkin, J.P., Hall, Austin and Barros, JJ., concur.