■ In the Matter of SHAQUAN A. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FAN FAN A., Appellant. (Proceeding No. 1.) In the Matter of FANTREL A. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FAN FAN A., Appellant. (Proceeding No. 2.) In the Matter of NATHANIEL A. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FAN FAN A., Appellant. (Proceeding No. 3.) In the Matter of FANIASTASIA A. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FAN FAN A., Appellant. (Proceeding No. 4.) [27 NYS3d 692]—

Appeal from an order of fact-finding and disposition of the Family Court, Kings County (Lillian Wan, J.), dated November 24, 2014. The order, after fact-finding and dispositional hearings, found that the father sexually abused and neglected the child Faniastasia A., neglected the child Fantrel A., and derivatively abused and neglected the children Nathaniel A., Fantrel A., and Shaquan A., and, inter alia, placed the father under the supervision of the Administration for Children's Services for a period of 12 months.

Ordered that the appeal from so much of the order of fact-finding and disposition as placed the father under the supervision of the Administration for Children's Services for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of supervision has expired; and it is further,

Ordered that the order of fact-finding and disposition is modified, on the facts and in the exercise of discretion, by deleting the provision thereof finding that the father derivatively abused and neglected the child Nathaniel A., and substituting therefor a provision dismissing those branches of the petitions which alleged that the father derivatively abused and neglected the child Nathaniel A.; as so modified, the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

The petitioner, Administration for Children's Services (hereinafter ACS), filed abuse and neglect petitions against the father alleging that he sexually abused the child Faniastasia A., and derivatively abused the children Nathaniel A. and Fantrel A. based on his sexual abuse of Faniastasia. ACS further alleged that the father used excessive corporal punish-

ment against Faniastasia and Fantrel and medically neglected the children. On or about July 17, 2014, ACS filed an additional petition alleging that the father derivatively abused and neglected the child Shaquan A., who was born after the alleged acts of abuse and neglect occurred. During the pendency of the fact-finding hearing, Nathaniel turned 18, but ACS did not seek dismissal of the petitions with respect to him. In an order of fact-finding and disposition dated November 24, 2014, the Family Court, among other things, found that the father sexually abused and neglected Faniastasia, neglected Fantrel, and derivatively abused and neglected Nathaniel, Fantrel, and Shaquan. The father appeals.

Contrary to the father's contention, the evidence adduced at the fact-finding hearing, including the sworn testimony of the child Faniastasia, was sufficient to prove by the requisite preponderance of the evidence that he sexually abused her (*see Matter of Kyanna T. [Winston R.]*, 99 AD3d 1011, 1013 [2012]; *Matter of Alaysha E. [John R.E.]*, 94 AD3d 988, 988 [2012]; *Matter of Bianca M.*, 282 AD2d 536, 536 [2001]). Moreover, the father's intent to receive sexual gratification (*see* Penal Law § 130.00 [3]) may be inferred from the nature of the acts committed and the circumstances in which they occurred (*see Matter of Lauryn H. [William A.]*, 73 AD3d 1175, 1176 [2010]; *Matter of Daniel R. [Lucille R.]*, 70 AD3d 839, 841 [2010]; *Matter of Kryzstof K.*, 283 AD2d 431, 432 [2001]).

Furthermore, while parents have the right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Dalia G. [Frank B.]*, 128 AD3d 821, 823 [2015]; *Matter of Matthew M. [Fatima M.]*, 109 AD3d 472, 473 [2013]; *Matter of Delehia J. [Tameka J.]*, 93 AD3d 668, 669 [2012]; *Matter of Padmine M. [Sandra M.]*, 84 AD3d 806, 807 [2011]). A single incident of excessive corporal punishment may suffice to sustain a finding of neglect (*see Matter of Dalia G. [Frank B.]*, 128 AD3d at 823; *Matter of Joseph O'D. [Denise O'D.]*, 102 AD3d 874, 875 [2013]; *Matter of Yanni D. [Hope J.]*, 95 AD3d 1313, 1314 [2012]; *Matter of Padmine M. [Sandra M.]*, 84 AD3d at 807). Here, the Family Court's finding that the father used excessive corporal punishment against Faniastasia and Fantrel is supported by a preponderance of the evidence (*see Matter of Anastasia L.-D. [Ronald D.]*, 113 AD3d 685, 687 [2014]).

Moreover, the Family Court properly found that the father's failure to seek medical attention for Faniastasia's gynecological conditions constituted medical neglect (*see Matter of*

*Shawndel M.*, 33 AD3d 1006, 1006 [2006]; *Matter of Nyomi A.D.*, 10 AD3d 684, 686 [2004]).

While proof of the abuse or neglect of one child is admissible evidence on the issue of the abuse or neglect of any other child of the parent (*see* Family Ct Act § 1046 [a] [i]; *Matter of Amber C.*, 38 AD3d 538, 540 [2007]), a finding of abuse or neglect as to one sibling does not mandate a finding of derivative abuse or neglect as to the other siblings (*see Matter of David P. [Elisa P.]*, 130 AD3d 739, 740 [2015]; *Matter of Harmony M.E. [Andre C.]*, 121 AD3d 677, 679 [2014]; *Matter of Jeremiah I.W. [Roger H.W.]*, 115 AD3d 967, 969 [2014]). Under the circumstances of this case, the preponderance of the evidence supported a finding that the father derivatively abused and neglected Fantrel and Shaquan (*see Matter of Monica C.M. [Arnold A.]*, 107 AD3d 996, 997 [2013]; *Matter of Kyanna T. [Winston R.]*, 99 AD3d at 1013), but did not support a finding that he derivatively abused and neglected Nathaniel (*see Matter of David P. [Elisa P.]*, 130 AD3d at 740; *Matter of Padmine M. [Sandra M.]*, 84 AD3d at 807; *Matter of Andrew B.-L.*, 43 AD3d 1046, 1048 [2007]). The evidence established that the father sexually abused Faniastasia while Fantrel was in the home. In addition, the evidence established that the father gave a pill to Faniastasia without knowing what drug the pill contained and refused to seek medical care for her, and such conduct demonstrated flawed reasoning and impaired judgment that put Fantrel and Shaquan at risk. However, Nathaniel turned 18 during the pendency of the fact-finding hearing, and the evidence established that he was not home when the sexual abuse occurred and that the father's conduct did not create a substantial risk of harm to him. As such, there was insufficient evidence to establish that Nathaniel was derivatively abused and neglected. Hall, J.P., Austin, Sgroi and LaSalle, JJ., concur.