◼ In the Matter of FEDELINE A. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; VERDUL S., Appellant, et al.,

Respondent. (Proceeding No. 1.) In the Matter of SHUBERT S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; VERDUL S., Appellant, et al., Respondent. (Proceeding No. 2.) [39 NYS3d 524]—

Appeals by Verdul S. from (1) an order of fact-finding of the Family Court, Kings County (Daniel Turbow, J.), dated April 21, 2015, and (2) stated portions of an order of disposition of that court dated May 11, 2015. The order of fact-finding, after a hearing, found that Verdul S. sexually abused the child Fedeline A. and derivatively abused the child Shubert S. The order of disposition, insofar as appealed from, was entered upon so much of the order of fact-finding as related to the child Shubert S.

Ordered that the appeal from so much of the order of fact-finding as related to the child Shubert S. is dismissed, without costs or disbursements, as that portion of the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of fact-finding is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order of disposition is modified, on the facts, by deleting the provision thereof, upon the order of fact-finding, determining that the appellant derivatively abused the child Shubert S., the petition relating to the child Shubert S. is denied, that proceeding is dismissed, and the order of fact-finding is modified accordingly; as so modified, the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

The petitioner, Administration for Children's Services (hereinafter ACS), filed an abuse petition against the appellant alleging that he sexually abused his girlfriend's child Fedeline A. ACS also filed a petition against the appellant alleging that he derivatively abused his biological son, Shubert S., based on his sexual abuse of Fedeline A. After a fact-finding hearing, the Family Court issued an order of fact-finding dated April 21, 2015, finding that the appellant had sexually abused Fedeline A: and that he derivatively abused Shubert S. On May 11, 2015, the court issued an order of disposition with respect to Fedeline A., which released Fedeline to her biological father, and issued a final order of protection against the appellant. On that same date, the court issued an order of disposition with respect to Shubert S., which released him to his maternal

grandmother until the next permanency hearing on November 23, 2015, placed the appellant under ACS supervision, ordered him to complete sex offender counseling, and awarded him visitation. Verdul S. appeals from the order of fact-finding and portions of the order of disposition relating to Shubert S.

Contrary to the appellant's contention, the evidence adduced at the fact-finding hearing, including the sworn testimony of Fedeline A., was sufficient to prove by the requisite preponderance of the evidence that the appellant sexually abused that child, and thus, the Family Court's determination in that regard will not be disturbed (*see Matter of Shaquan A. [Fan Fan A.]*, 137 AD3d 1119, 1121 [2016]; *Matter of Kyanna T. [Winston R.]*, 99 AD3d 1011, 1013 [2012]; *Matter of Alaysha E. [John R.E.]*, 94 AD3d 988, 988 [2012]).

As to the finding of derivative abuse, a finding of sexual abuse of one child does not, by itself, establish that other children in the household have been derivatively abused or neglected (*see Matter of David P. [Elisa P.]*, 130 AD3d 739, 740 [2015]; *Matter of Harmony M.E. [Andre C.]*, 121 AD3d 677, 679 [2014]; *Matter of Jeremiah I.W. [Roger H.W.]*, 115 AD3d 967, 969 [2014]). In determining whether such a child should be adjudicated abused or neglected, the "determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct which formed the basis for a finding of abuse or neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists" (*Matter of Elijah O. [Marilyn O.]*, 83 AD3d 1076, 1077 [2011] [internal quotation marks omitted]; *see Matter of Jeremiah I.W. [Roger H.W.]*, 115 AD3d at 969). In such a case, "the condition is presumed to exist currently and the respondent has the burden of proving that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future" (*Matter of Jeremiah I.W. [Roger H.W.]*, 115 AD3d at 969 [internal quotation marks omitted]; *see Matter of Jamarra S. [Jessica S.]*, 85 AD3d 803, 804 [2011]; *Matter of Cruz*, 121 AD2d 901, 902-903 [1986]). Under the circumstances of this case, the preponderance of the evidence did not support a finding of derivative abuse with respect to the child Shubert S. (*see Matter of Monica C.M. [Arnold A.]*, 107 AD3d 996, 997 [2013]; *Matter of Elijah O. [Marilyn O.]*, 83 AD3d at 1077). The evidence adduced at the hearing demonstrated that Shubert S. did not move to the United States from Haiti until October 2013, which was 20 months after the appellant's abuse of Fedeline A. had ended, and that in January 2014, Fedeline A. moved out of the home

she shared with her mother, the appellant, and Shubert S., to live with her father. Moreover, according to the attorney for Shubert S., Shubert S. has been living in Haiti since October 2015.

The appellant's remaining contentions either need not be reached in light of our determination or are without merit. Balkin, J.P., Hall, Cohen and LaSalle, JJ., concur.