Matter of Tyquan J. B. (Jimmy B.) (2019 NY Slip Op 05976)





Matter of Tyquan J. B. (Jimmy B.)


2019 NY Slip Op 05976


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-02955
2018-02956
 (Docket Nos. N-1663-15, N-1664-15, N-1665-15, N-1666-15, N-1667-15, N-1668-15, N-1669-15, N-1670-15, N-508-17, N-509-17)

[*1]In the Matter of Tyquan J. B. (Anonymous). Westchester County Department of Social Services, petitioner; Jimmy B. (Anonymous), et al., respondents. (Proceeding No. 1)
In the Matter of Eddie M. B. (Anonymous), appellant. Westchester County Department of Social Services, petitioner-respondent; Jimmy B. (Anonymous), et al., respondents. (Proceeding No. 2)
In the Matter of G. K.-B. (Anonymous). Westchester County Department of Social Services, petitioner; Jimmy B. (Anonymous), et al., respondents. (Proceeding No. 3)
In the Matter of April M. B. (Anonymous). Westchester County Department of Social Services, petitioner; Jimmy B. (Anonymous), et al., respondents. (Proceeding No. 4)


Carl D. Birman, White Plains, NY, attorney for the child Eddie M. B., the appellant, and attorney for the child Tyquan J. B.
John M. Nonna, County Attorney, White Plains, NY (Linda Trentacoste and David H. Chen of counsel), for petitioner-respondent.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the child Eddie M. B. appeals from (1) an order of fact-finding of the Family Court, Rockland County (Rachel E. Tanguay, J.), dated October 5, 2017, and (2) an order of disposition of the same court dated January 19, 2018. The order of fact-finding, insofar as appealed from, after a hearing, found that the mother derivatively neglected the child Eddie M. B. The order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, placed the child Eddie M. B. in the custody of the Commissioner of the Westchester County Department of Social Services until April 19, 2018.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs [*2]or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as placed the child Eddie M. B. in the custody of the Commissioner of the Westchester County Department of Social Services until April 19, 2018, is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is reversed insofar as reviewed, on the facts, so much of the order of fact-finding as found that the mother derivatively neglected the child Eddie M. B. is vacated, the petition alleging that the mother neglected Eddie M. B. is denied, and that proceeding is dismissed.
The petitioner commenced separate proceedings alleging that the mother and the father had abused or neglected the four subject children, including Eddie M. B. (hereinafter Eddie). In an order of fact-finding dated October 5, 2017, the Family Court, inter alia, found that Eddie was derivatively neglected by the mother as a result of the mother's failure to adequately protect him and the other children during and after the father's abuse of one of the other children. In an order of disposition dated January 19, 2018, the court placed Eddie in the custody of the petitioner until April 19, 2018. Eddie appeals.
The appeal from so much of the order of disposition as placed Eddie in the custody of the petitioner until April 19, 2018, must be dismissed as academic, since it has expired by its own terms (see Matter of Naphtali A. [Winifred A.], 165 AD3d 781, 783; Matter of Christopher D.B. [Lorraine H.], 157 AD3d 944, 948; Matter of Michael B. [Samantha B.], 130 AD3d 619, 620) and, pursuant to a subsequent permanency hearing order, Eddie has been returned to the parents (see Matter of Denise V.E.J. [Latonia J.], 163 AD3d 667, 669). Contrary to the petitioner's contention, Eddie is aggrieved by and may challenge the portion of the order of disposition that brings up for review the finding that the mother derivatively neglected him (see Matter of Newton v McFarlane, _____ AD3d _____, 2019 NY Slip Op 04386 [2d Dept 2019]).
" Although Family Court Act § 1046(a)(i) allows evidence of abuse or neglect of one sibling to be considered in determining whether other children in the household were abused or neglected, the statute does not mandate a finding of derivative neglect'" (Matter of David P. [Elisa P.], 130 AD3d 739, 740, quoting Matter of Padmine M. [Sandra M.], 84 AD3d 806, 807). "A finding of derivative neglect is warranted where the abuse or neglect of one child demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for other children in the [parent's] care'" (Matter of Ricky S. [Lyndell S.], 139 AD3d 959, 961, quoting Matter of David H. [Octavia P.], 127 AD3d 1084, 1086). Under the circumstances of this case, we agree with Eddie that the preponderance of the evidence did not support a finding that the mother derivatively neglected him (see Matter of D.S. [Shaqueina W.], 147 AD3d 856, 858; Matter of David P. [Elisa P.], 130 AD3d at 741; Matter of Padmine M. [Sandra M.], 84 AD3d at 807; Matter of Andrew B.-L., 43 AD3d 1046, 1047-1048).
SCHEINKMAN, P.J., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court