■ In the Matter of the DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of KERRI K., Respondent. GEORGE K., Appellant.—In a child protective proceeding pursuant to Family Court Act article 10, the father appeals (1) as limited by his brief, from so much of an order of the Family Court,

Dutchess County (Bernhard, J.), dated February 11, 1985, as denied certain branches of his motion for discovery, and (2) from an order of the same court (Marinelli, J.), entered May 28, 1986, which, after a hearing, *inter alia,* adjudged the child to be abused, and placed the father under the supervision of the Commissioner of the Dutchess County Department of Social Services for a period of 18 months.

Ordered that the appeal from the order dated February 11, 1985 is dismissed, without costs or disbursements; and it is further,

Ordered that the order entered on May 28, 1986 is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because of the right of direct appeal therefrom terminated with the entry of a dispositional order in the action *(cf., Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the intermediate order are brought up for review and have been considered on the appeal from the dispositional order (CPLR 5501 [a] [1]).

The petition filed against the appellant father alleged that he had sexually abused his 2½-year-old daughter. The father contends that the petitioner failed to establish a prima facie case because the child's out-of-court statements regarding the alleged abuse were insufficiently corroborated.

Family Court Act § 1046 (a) (vi) provides that, in any hearing under Family Court Act article 10: "[P]revious statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence, but if uncorroborated, such statements shall not be sufficient to make a fact-finding of abuse or neglect. Any other evidence tending to support the reliability of the previous statements, including, but not limited to the types of evidence defined in this subdivision shall be sufficient corroboration. The testimony of the child shall not be necessary to make a fact-finding of abuse or neglect".

This corroboration requirement is a flexible one *(see, e.g., Matter of Fawn S.,* 123 AD2d 871; *Matter of Nicole V.,* 123 AD2d 97, *lv granted* 70 NY2d 604; *Matter of Ryan D.,* 125 AD2d 160). A flexible approach is necessary because intrafamilial sexual abuse is seldom witnessed. Additionally, because young children have little knowledge of sexual activity and have difficulty revealing an act of sexual abuse by a parent, their statements of abuse are not inherently suspect *(see, Matter of Nicole V., supra,* at 103-104). Expert testimony regarding behavior which is symptomatic of child sexual

abuse and describing a child's reenactment of the events with the use of anatomically correct dolls has been accepted as corroborating evidence *(see, e.g., Matter of Ryan D., supra; Matter of Alena D.,* 125 AD2d 753, *lv denied* 69 NY2d 605). Further, this court has recently held that validation testimony alone is sufficient corroboration of the out-of-court statements *(see, Matter of Linda K.,* 132 AD2d 149 [2d Dept]).

Here, the child's treating therapist, as well as a caseworker for the Child Protective Services Unit of the Dutchess County Department of Social Services, testified that the child exhibited the behavioral symptoms associated with sexual abuse, including regression from her toilet training, demanding and clinging behavior towards the mother, and frequent changing of her clothing. In sessions with anatomically correct dolls, the child demonstrated that the father touched her genital area, and she stated that he had hurt her. Although the medical evidence was slight, the child's pediatrician noted redness in the child's genital area and stated that the child had told her that the father hurt her there. The evidence presented by the petitioner was sufficient to corroborate the child's statements and to establish a prima facie case.

We also reject the father's contention that the charges in the petition were not proven by a preponderance of the evidence. The hearing court found the testimony of the experts to be credible despite the father's denial on the stand that he had abused his daughter. The father's witnesses testified to his actions with his daughter while in their presence but conceded they were not with the father every time he had visitation with his daughter.

Finally, the father's contention that he was irreparably harmed because of the court's ruling on discovery is without merit. Thompson, J. P., Lawrence, Rubin and Spatt, JJ., concur.