■ In the Matter of KHADRYAH H., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; WILLIE H., Appellant. [744 NYS2d 206] —In a proceeding pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from so much of an order of fact-finding and disposition (one paper) of the Family Court, Richmond County (McElrath, J.), dated May 22, 2000, as, after a fact-finding hearing, found that he had neglected the subject child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The petition filed against the father alleged that he had neglected his five-year-old daughter. After a fact-finding hearing, the Family Court found that the child's parents allowed the child to sleep in bed with them, thereby exposing her to adult sexual behavior, and allowed or failed to prevent her from watching videotapes portraying adult sexual behavior. The father contends that the petitioner failed to prove neglect by a preponderance of the evidence because the child's out-of-court statements were insufficiently corroborated. We are satisfied that sufficient corroboration was presented in this case.

A determination of neglect must be based upon a preponderance of the evidence, and a child's out-of-court statements may form the basis for a finding of neglect so long as such statements are sufficiently corroborated by other evidence tending to support the reliability of the child's statements (*see* Family Ct Act § 1046 [a] [vi]; [b] [i]). Further, because of the difficulty of proof in familial abuse and neglect cases, a flexible standard should be applied to the corroboration requirement (*see Matter of Kerri K.,* 135 AD2d 631). Accordingly, the hearing court has considerable discretion in determining whether a child's out-of-court statements have been reliably corroborated and whether the record, as a whole, supports a finding of neglect (*see Matter of Nicole V.,* 71 NY2d 112).

Here, contrary to the father's contention, the social worker's testimony, which consisted of her personal observations of the child and the child's home environment, provided sufficient corroboration of the child's out-of-court statements so that the Family Court properly made a finding of neglect against the father (*see* Family Ct Act § 1046 [a] [vi]; [b] [i]; *Matter of Nicole V., supra; Matter of Kerri K., supra*). Ritter, J.P., Altman, Smith and Goldstein, JJ., concur.