■ In the Matter of IMMAN H., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DIANE H.-A., Appellant, et al., Respondent. [854 NYS2d 517]—

On July 7, 2005 a petition was filed alleging that the subject child was emotionally neglected by her parents, in that they made her witness the abuse of her uncle and participate in the disposal of the uncle's dismembered corpse. At the fact-finding hearing, the petitioner's evidence included the child's out-of-court statements to a detective, the detective's testimony that the uncle's remains were found at the location identified by the child, and a psychologist's testimony that the child exhibited symptoms of post-traumatic stress disorder. The court found that the child was emotionally neglected and, inter alia, placed her in the care and custody of the Commissioner of the Kings County Department of Social Services. On appeal, the mother argues that the court erred in granting the motion of the attorney for the child to quash her subpoena to have the child testify at the fact-finding hearing and in denying her motions to have the child's mental health records entered into evidence.

Family Court Act § 1046 (a) (vi) specifically provides that "[t]he testimony of the child shall not be necessary to make a fact-finding of abuse or neglect." A child's out-of-court statements relating to an allegation of neglect may, if adequately corroborated by evidence tending to establish their reliability, support a finding of neglect (see Family Ct Act § 1046 [a] [vi]; Matter of Christopher L., 19 AD3d 597 [2005]; Matter of Khadryah H., 295 AD2d 607, 608 [2002]). "Family Court Judges . . . have considerable discretion to decide whether the child's out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated and whether the record as a whole supports a finding of [neglect]" (Matter of Nicole V., 71 NY2d 112, 119 [1987]; see Matter of Candace S., 38 AD3d 786, 787 [2007]; Matter of Khadryah H., 295 AD2d at 608).

Here, the child's out-of-court statements were corroborated by the testimony of a detective and the testimony and report of the child's treating psychologist. That evidence, together with a negative inference drawn from the appellant's failure to testify, was sufficient to support the court's finding of neglect. Under

the circumstances, and based on the evidence of the potential psychological harm that testifying would cause to the child, the court providently exercised its discretion in granting the motion of the attorney for the child to quash the mother's subpoena to compel the child to testify (*see Matter of Christopher L.,* 19 AD3d 597 [2005]; *see also Matter of Karen Patricia G.,* 44 AD3d 658 [2007]).

After an in camera inspection, the court providently exercised its discretion in denying the mother's motions for production of the child's psychiatric and social work treatment records from various institutions because the mother failed to demonstrate that the records were needed for the preparation of her case (*see* Family Ct Act § 1038 [d]). Mastro, J.P., Covello, Dickerson and Eng, JJ., concur.