(May 13, 2014)

■ In the Matter of DEAN T., JR. and Another, Children Alleged to be Abused and/or Neglected. DEAN T., SR., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [985 NYS2d 518]—

Appeal from order, Family Court, Bronx County (Monica Drinane, J.), entered on or about September 11, 2012, which, after a fact-finding hearing, determined that respondent father abused his eldest son and derivatively neglected his younger son, held in abeyance, pending an in camera review by the hearing court of the eldest son's mental health treatment records.

Respondent father moved to subpoena the eldest child's (the child) mental health treatment records. The Family Court, without conducting an in camera review of the requested records, denied the motion. Pursuant to Family Court Act § 1038 (d), the court must conduct a balancing test (see Matter of B. Children, 23 Misc 3d 1119[A], 2009 NY Slip Op 50841[U], *4 [Fam Ct, Kings County 2009]). The statute requires that the court weigh "the need of the [moving] party for the discovery to assist in the preparation of the case" against "any potential harm to the child [arising] from the discovery." Here, the Family Court should have reviewed the child's mental health records in camera to determine if the records are relevant to the central issue of the child's credibility before making its disclosure ruling.

The record contains no physical evidence of the alleged abuse and the case against respondent relies almost entirely on the credibility of the child, placing a great amount of weight on the child's testimony (see id. at *5). Respondent asserts that the child is angry with respondent for hitting his mother in the past and brought these allegations in retaliation. Respondent also contends that the mother may be coaching the child, pointing out that the alleged abuse was not reported until after respondent cross-petitioned for custody of the child.

Further, the significant delay in the reporting of the abuse,*

---

* The child testified that he told his mother about the alleged abuse around February or March 2010, but the report was not made until July 2010.

as well as the fact that there is no testimony indicating that the alleged incidents of abuse were witnessed by anyone other than the child and respondent, place additional importance on the credibility of the child's testimony. Moreover, the medical records submitted by petitioner Administration for Children's Services note that the child had received counseling prior to the abuse alleged in the petition. These factors, taken together, indicate that the child's mental health records could be necessary to respondent's defense.

We recognize that the child's therapists objected to the disclosure and we concur with the trial court that automatic disclosure of the entire record would not be appropriate. The child's therapists do not specifically discuss in their letters to the court whether the records should be reviewed in camera, which obviously poses less of an intrusion. Therefore, the case is remanded for the Family Court to conduct an in camera review of the child's mental health treatment records in order to determine if there is any information in these records that supports the father's claim that the mother is coaching the child or that the child has mental issues that affect his truth-telling capacity, and to decide whether the potential harm arising from discovery outweighs respondent's need for the record (*cf. Matter of Imman H.*, 49 AD3d 879, 880-881 [2d Dept 2008] [court conducted an in camera review of child's psychiatric and social work treatment records]).

Respondent argues that the child placed his mental state in issue, pursuant to CPLR 3121, by stating that the incidents of abuse caused him to feel depressed, and therefore waived the psychologist-patient privilege (*see Matter of Richard SS.*, 29 AD3d 1118, 1124 [3d Dept 2006] ["a party's mental health records are subject to discovery where that party has placed his or her mental health at issue"]). We disagree. Although "the child's mental health status may be relevant to assess whether the abuse occurred," his mental health is not in controversy in this case (*Richard SS.*, 29 AD3d at 1124; *see* CPLR 3121). Furthermore, respondent's contention that the privilege was automatically waived by the child's discussion of his emotional state fails to take into account both the balancing test required by Family Court Act § 1038 (d) and the restrictions placed on the release of mental health records by Mental Hygiene Law § 33.13 (c), which allows for the disclosure of clinical records only in select circumstances. The in camera review being ordered here will allow the court to determine whether "the interests of justice significantly outweigh the need for confidentiality" (Mental Hygiene Law § 33.13 [c] [1]).

494

We have considered the parties' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Andrias, Saxe, Richter and Clark, JJ.