■ In the Matter of JOSEE LOUISE L.H., an Infant. DECARLA L., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [994 NYS2d 113]—

Order of fact-finding and disposition, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about December 3, 2013, which, to the extent appealed from as limited by the briefs, determined, after a hearing, that respondent mother neglected the subject child, unanimously affirmed, without costs. Appeal from order, same court and Judge, entered on or about May 30, 2013, which denied respondent's application pursuant to Family Court Act § 1028 for the return of the child, unanimously dismissed, without costs, as moot.

A preponderance of the evidence supports the court's finding that the then three-year-old child's health was at imminent risk

of impairment as a result of being exposed to unsanitary and deplorable living conditions, including the odor of dead vermin, the presence of dog feces on the floor, bedbugs in the beds and sofa, and otherwise filthy conditions in the apartment where she was staying with respondent (Family Ct Act §§ 1046 [b]; 1012 [f] [i]; *Matter of Isaac J. [Joyce J.]*, 75 AD3d 506 [2d Dept 2010]). These conditions did not consist merely of clutter and odors that were not attributable to respondent (*see Matter of Clydeane C. [Annetta C.]*, 74 AD3d 486 [1st Dept 2010]).

Since respondent never moved to dismiss the petition against her pursuant to Family Court Act § 1051 (c), the issue of whether the petition should have been dismissed is not preserved for our review (*see Matter of Cherish C. [Shanikwa C.]*, 102 AD3d 597 [1st Dept 2013]). In any event, the court's continued aid was required (*see Matter of Naomi S. [Hadar S.]*, 87 AD3d 936 [1st Dept 2011], *lv denied* 18 NY3d 804 [2012]). Although respondent contends that she obtained safe, clean living quarters after moving out of the apartment, she refused to provide the address of her new home to the court, the agency or her counsel so that the new home could be assessed, and it was not known whether the dangers posed to the child had passed. Concur—Friedman, J.P., Moskowitz, Feinman, Gische and Kapnick, JJ.