# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1166**
**CAF 14-00965**
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF DANARYEE B.
--------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,        MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

ERICA T., RESPONDENT-APPELLANT.

---

EVELYNE A. O'SULLIVAN, EAST AMHERST, FOR RESPONDENT-APPELLANT.

NICHOLAS G. LOCICERO, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

---

Appeal from an order of the Family Court, Erie County (Sharon M.
LoVallo, J.), entered May 29, 2014 in a proceeding pursuant to Family
Court Act article 10. The order, inter alia, determined that
respondent had neglected the subject child.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act
article 10, respondent mother appeals from an order finding that she
neglected the subject child. Contrary to the mother's contention,
petitioner established by a preponderance of the evidence that the
physical, mental, or emotional condition of the child had been or is
in imminent danger of becoming impaired as a result of the mother's
failure to exercise a minimum degree of care (*see* Family Ct Act
§§ 1012 [f] [i]; 1046 [b] [i]; *see generally Nicholson v Scoppetta*, 3
NY3d 357, 368). Specifically, petitioner presented evidence
establishing that the child was in imminent danger because she was
exposed to unsanitary and deplorable living conditions, including
floors covered in animal feces and ankle-deep piles of garbage (*see
Matter of Josee Louise L.H. [DeCarla L.]*, 121 AD3d 492, 492-493, *lv
denied* 24 NY3d 913; *Matter of Holly B. [Scott B.]*, 117 AD3d 1592,
1592-1593; *Matter of Raven B. [Melissa K.N.]*, 115 AD3d 1276, 1280-
1281). Further, the credible evidence established that the mother's
residence did not contain a bed or diapers for the child (*see Matter
of China C. [Alexis C.]*, 116 AD3d 953, 954, *lv dismissed* 23 NY3d 1047;
*Matter of Commissioner of Social Servs. v Anne F.*, 225 AD2d 620, 620).

Contrary to the mother's further contention, any error in
receiving petitioner's exhibits in evidence is harmless "because the

record otherwise contains ample admissible evidence to support [Family Court's] determination" that the mother neglected the child (*Matter of Matthews v Matthews*, 72 AD3d 1631, 1632, *lv denied* 15 NY3d 704; *see Matter of Delehia J. [Tameka J.]*, 93 AD3d 668, 670).  Finally, the mother's contention that the court erred in striking the testimony of one of her witnesses is not preserved for our review (*see generally* CPLR 5501 [a] [3]; *Matter of Crystal A.*, 11 AD3d 897, 898).

Entered:  December 23, 2016

Frances E. Cafarell
Clerk of the Court