Matter of Cerenity F. (Jennifer W.) (2018 NY Slip Op 02718)





Matter of Cerenity F. (Jennifer W.)


2018 NY Slip Op 02718


Decided on April 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 19, 2018

Acosta, P.J., Manzanet-Daniels, Tom, Oing, Singh, JJ.


6336

[*1]In re Cerenity F., A Child Under the Age of Eighteen Years, etc., Jennifer W., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Tennille M. Tatum-Evans, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Ingrid R. Gustafson of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Marianne Allegro of counsel), attorney for the child.



Order of fact-finding and disposition, Family Court, Bronx County (Robert D. Hettleman, J.), entered on or about November 9, 2016, to the extent it found that respondent neglected the subject child, unanimously affirmed, without costs.
Respondent, who represented that he was married to the child's mother and living in the home, was a person legally responsible for the child. A preponderance of the evidence supports the court's finding that the child's physical, mental, or emotional condition was in imminent danger of becoming impaired as a result of respondent and the mother's frequently exposing the child to adult sexual activity and pornography (see Matter of Janiyah T. [Nyree T.], 110 AD3d 416 [1st Dept 2013]; Matter of Khadryah H., 295 AD2d 607 [2d Dept 2002]). The then seven-year-old child's out-of-court statements about her personal observations of adult sexual activity were corroborated by the fact that she had "age-inappropriate knowledge of sexual behavior," which "demonstrated specific knowledge of sexual activity" (Matter of Nicole V., 71 NY2d 112, 121, 122 [1987]; see Matter of Selena R. [Joseph L.], 81 AD3d 449 [1st Dept 2011], lv denied 16 NY3d 714 [2011]).
The finding of neglect is also supported by the evidence of unsanitary conditions in the home (see Matter of Josee Louise L.H. [DeCarla L.], 121 AD3d 492 [1st Dept 2014], lv denied 24 NY3d 913 [2015]; see also Matter of Danaryee B. [Erica T.], 145 AD3d 1568 [4th Dept 2016]). The child's out-of-court statements describing the home as very dirty, and covered in cat urine and feces were corroborated by respondent's admissions and the caseworker's observations that respondent smelled of cat urine and that the child was unkempt and wore dirty, stained clothes
(see Matter of Naqi T. [Marlena S.], 129 AD3d 444 [1st Dept 2015]; Matter of Joshua UU. [Jessica XX.-Eugene LL.], 81 AD3d 1096, 1099 [3rd Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 19, 2018
CLERK