Matter of Paige T. (Kodjo T.) (2020 NY Slip Op 07517)





Matter of Paige T. (Kodjo T.)


2020 NY Slip Op 07517


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Kapnick, J.P., Mazzarelli, Singh, Kennedy, JJ. 


Docket No. NN-01152/18 Appeal No. 12656 Case No. 2019-3676 

[*1]In the Matter of Paige T., A Child Under Eighteen Years of Age, etc., Kodjo T. Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


George E. Reed, Jr., White Plains, for appellant.
James E. Johnson, Corporation Counsel, New York (Cynthia Kao of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the child.



Order of fact-finding, Family Court, New York County (Jonathan H. Shim, J.), entered on or about January 4, 2019, which determined, after a hearing, that respondent father neglected the subject child, unanimously affirmed, without costs.
The father's acts of repeatedly hitting the child with a hairbrush causing lash marks on her forearm constituted excessive corporal punishment (see Matter of Michele S. [Yi S.], 157 AD3d 551, 552 [1st Dept 2018], lv denied 31 NY3d 904 [2018]). The child's out-of-court statements concerning that incident were corroborated by the testimony of the school's social worker who observed the marks on the child the day after the incident. In addition, three witnesses testified that the child had reported other incidents of corporal punishment (see Matter of Liza F. [ Bon F.], 177 AD3d 570, 571 [1st Dept 2019]). The court's credibility determinations are supported by the record. Even a single incident of excessive corporal punishment can support a neglect finding (id.).
The argument by the attorney for the child that the petition should be dismissed because the aid of the court was not needed is not preserved for appellate review and, in any event, is without merit (Family Ct Act § 1051[c]; [a]; Matter of Josee Louise L.H. [DeCarla L.], 121 AD3d 492 [1st Dept 2014], lv denied 24 NY3d 913 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020