Matter of Yarelis E. (Franly E.) (2022 NY Slip Op 03384)





Matter of Yarelis E. (Franly E.)


2022 NY Slip Op 03384


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.


2020-09324
 (Docket No. N-14079-17)

[*1]In the Matter of Yarelis E. (Anonymous). Administration for Children's Services, respondent; Franly E. (Anonymous), appellant.


David Laniado, Cedarhurst, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jessica Miller of counsel), for respondent (no brief filed).
Justine Luongo, Attorney-in-Charge of the Criminal Defense Practice, New York, NY (Riti Singh of counsel), attorney for the child (no brief filed).



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Queens County (Joan L. Piccirillo, J.), dated December 9, 2020. The order of disposition, upon an order of fact-finding of the same court dated March 13, 2020, made after a fact-finding hearing, finding that the father neglected the subject child, and after a dispositional hearing, inter alia, awarded the mother sole legal custody of the child.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The father allegedly committed acts of domestic violence against the mother in the presence of the subject child, who was 21 months old at the time. A neglect petition was filed and, after a fact-finding hearing, a finding of neglect was entered against the father. In an order of disposition dated December 9, 2020, made after a dispositional hearing, the mother was awarded sole legal custody and primary residential custody of the child, and the father was awarded parental access in accordance with the parties' stipulation. No supervision of the parties and the child was ordered.
On appeal, the father argues that the finding of neglect should be vacated pursuant to Family Court Act § 1051(c) because the aid of the court is no longer needed. This argument was not timely raised before the Family Court. The father did not make a motion to vacate the finding of neglect pursuant to Family Court Act § 1051(c) before the order of disposition was issued. His argument is, therefore, unpreserved for appellate review and is, in any event, without merit (see Matter of Paige T. [Kodjo T.], 189 AD3d 563; Matter of Josee Louise L.H. [DeCarla L.], 121 AD3d 492).
DILLON, J.P., ROMAN, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court