Matter of Isaiah D.S. (Jamal K.S.) (2025 NY Slip Op 02427)

Matter of Isaiah D.S. (Jamal K.S.)

2025 NY Slip Op 02427

Decided on April 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 24, 2025

Before: Moulton, J.P., Mendez, Rodriguez, Pitt-Burke, Rosado, JJ. 

Docket No. NN-06415/21|Appeal No. 4161|Case No. 2024-02937|

[*1]In the Matter of Isaiah D.S., A Child Under Eighteen Years of Age, etc., Jamal K.S. Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Anne Reiniger, New York, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the child.

Order of disposition, Family Court, New York County (Valerie A. Pels, J.), entered on or about March 20, 2024, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about March 3, 2024, which found that respondent father neglected the subject child, unanimously affirmed, without costs.
A preponderance of the evidence supports the finding that the father neglected the subject child by inflicting excessive corporal punishment upon him (see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]; Matter of Paige T. [Kodjo T.], 189 AD3d 563, 564 [1st Dept 2020]). The child's out-of-court statements describing the corporal punishment inflicted upon him are corroborated by the father's own admissions that he "whooped" the child for coming home past his curfew, the caseworker's observation of the injuries, and hospital records and photographic records evidencing visible bruising on the child's neck, arms, and legs several days after the incident (see Matter of Desiree D. [Iris D.], 209 AD3d 547, 548 [1st Dept 2022]; Matter of Quisbel D.P. [Digna D.P.], 199 AD3d 468, 468-469 [1st Dept 2021]). 
While the father was understandably concerned about the child's increasingly problematic behavior and might have had valid reasons for disciplining the child, his response was disproportionate and exceeded the physical force reasonable for discipline (see Matter of Desiree D., 209 AD3d at 548). As noted by Family Court, placing his hands around the child's neck to such an extent as to cause bruising even days later is beyond reasonable discipline (id.).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 24, 2025