■ In the Matter of CHRYSTAL W. SUFFOLK COUNTY DEPART-MENT OF SOCIAL SERVICES, Respondent; RENEE W., Appellant. (Proceeding No. 1.) In the Matter of ROBERT W. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RENEE W., Appellant. (Proceeding No. 2.) [26 NYS3d 288]—

Appeal from an order of fact-finding and disposition of the Family Court, Suffolk County (David Freundlich, J.), dated September 10, 2014. The order of fact-finding and disposition, insofar as appealed from, upon a decision of that court, made after a fact-finding hearing, found that the mother neglected the subject children.

Ordered that on the Court's own motion, the mother's notice of appeal from the decision is deemed a notice of appeal from the order of fact-finding and disposition (*see* CPLR 5512 [a]); and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

This is a neglect proceeding pursuant to Family Court Act article 10. After a fact-finding hearing, the Family Court, inter alia, found that the mother neglected the subject children by misusing drugs. The mother appeals.

Pursuant to Family Court Act § 1012 (f), a neglected child is one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care" by, inter alia, "misusing a drug or drugs" "to the extent that he [or she] loses self-control of his [or her] actions," except where the parent is participating in a rehabilitative program (Family Ct Act § 1012 [f] [i] [B]). Unlike other forms of neglect, which require a showing that the child's well-being has been impaired or is in imminent danger of becoming impaired (*see* Family Ct Act § 1012 [f] [i]; *Matter of Alexis S.G. [Shanese B.]*, 107 AD3d 799 [2013]), "proof that a person repeatedly misuses a drug or drugs . . . , to the extent that it has or would ordinarily have the effect of producing in

the user thereof a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality, shall be prima facie evidence that a child of . . . such person is a neglected child" (Family Ct Act § 1046 [a] [iii]; *see Matter of Kasiana UU. [Ricki TT.]*, 129 AD3d 1150, 1151 [2015]; *Matter of Madison PP. [Tina QQ.]*, 88 AD3d 1102, 1103 [2011]; *Matter of Paolo W.*, 56 AD3d 966, 967-968 [2008]).

Here, the petitioner established, by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]), that the mother had repeatedly misused a drug or drugs to the extent that such misuse had the effect of producing in her a substantial state of stupor, unconsciousness, disorientation, or incompetence, or a substantial impairment of judgment, and that this constituted prima facie evidence that the children were neglected (*see* Family Ct Act § 1046 [a] [iii]). The mother failed to rebut this showing. Accordingly, the Family Court correctly found that the mother neglected the subject children within the meaning of Family Court Act § 1046 (a) (iii).

The Family Court did not improvidently exercise its discretion in commencing the fact-finding hearing in the mother's absence (*see* Family Ct Act § 1042; *see generally Matter of Dean J.K. [Joseph D.K.]*, 121 AD3d 896, 896-897 [2014]; *Matter of Evelyn R. [Franklin R.]*, 117 AD3d 957 [2014]; *Matter of Andrew MM.*, 279 AD2d 654, 655 [2001]).

The mother's remaining contentions are without merit. Rivera, J.P., Leventhal, Sgroi and Hinds-Radix, JJ., concur.