Appeal by the petitioner from an order of the Family Court, Kings County (Ann E. O’Shea, J.), dated October 4, 2016. The order granted the mother’s motion, made at the conclusion of the petitioner’s case, to dismiss the petitions, which alleged, inter alia, that she neglected the subject children.
 

 Ordered that the order is reversed, on the law, without costs or disbursements, the mother’s motion is denied, the petitions are reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings in accordance herewith.
 

 The subject child Isiah L. was born on September 16, 2015, and tested positive for cocaine. At the time of Isiah’s birth, the mother also tested positive for cocaine, as well as marijuana. Thereafter, the petitioner filed petitions pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected Isiah and his four older siblings. The matter proceeded to a fact-finding hearing, and at the close of the petitioner’s case the Family Court granted the mother’s motion to dismiss the petitions for failure to establish a prima facie case. The petitioner appeals.
 

 “At a fact-finding hearing in a neglect proceeding pursuant to Family Court Act article 10, a petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected” (Matter of Kenya R. [Edmindo R.], 129 AD3d 978, 979 [2015] [internal quotation marks omitted]; see Family Ct Act § 1046 [b] [i]). Unlike other forms of neglect, which require a showing that a child’s well-being has been impaired or is in imminent danger of becoming impaired, proof that a parent “ ‘repeatedly misuses a drug or drugs . . . , to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality’ ” (Matter of Chrystal W. [Renee W.], 136 AD3d 835, 835-836 [2016], quoting Family Ct Act § 1046 [a] [iii]), is prima facie evidence that a child of such a parent is a neglected child, unless the parent is “voluntarily and regularly participating in a recognized rehabilitative program” (Family Ct Act § 1046 [a] [iii]).
 

 Here, contrary to the Family Court’s determination, viewing the evidence in the light most favorable to the petitioner and affording it the benefit of every favorable inference which could be reasonably drawn from the evidence (see Matter of Jaivon J. [Patricia D.], 148 AD3d 890, 892 [2017]; Matter of Giovanni S. [Jasmin A.], 98 AD3d 1054, 1056 [2012]), the petitioner presented a prima facie case of neglect. At the fact-finding hearing, the evidence demonstrated that Isiah tested positive for cocaine at the time of his birth, and that the mother tested positive for cocaine and marijuana at that time. Additionally, the mother admitted to the petitioner’s caseworker that she had been using drugs since she was a teenager, and that she had never attended any drug treatment program. The mother, who had been suffering from depression since she was a teenager, reported that in the four months preceding Isiah’s birth, she stayed in bed all day until about 10:00 p.m., and barely interacted with her children. She further told the caseworker that shortly before Isiah’s birth, she started using cocaine to help her get out of bed, and smoking marijuana to help her appetite. She also admitted that she used cocaine three days prior to Isiah’s birth. This evidence established a prima facie case of neglect pursuant to Family Court Act § 1046 (a) (iii) and, therefore, neither actual impairment of the children’s physical, mental, or emotional condition, nor specific risk of impairment, needed to be established (see Matter of Ishaq B. [Lea B.], 121 AD3d 889, 889-890 [2014]; Matter of Benicio H. [Charlene H.], 115 AD3d 857, 858 [2014]; Matter of Angela M. [Annmarie T.], 111 AD3d 940, 941 [2013]; Matter of Darrell W. [Tenika C.], 110 AD3d 1088, 1089 [2013]; see also Matter of Arthur S. [Rose S.], 68 AD3d 1123, 1124 [2009]; cf. Matter of Anastasia G., 52 AD3d 830, 832 [2008]).
 

 Accordingly, the Family Court erred in granting the mother’s motion to dismiss the petitions. Since the court terminated the proceedings at the close of the petitioner’s direct case upon an erroneous finding that a prima facie case had not been established, a new hearing, and thereafter a new determination of the petitions, is required (see Matter of Jaivon J. [Patricia D.], 148 AD3d at 892; Matter of Marques B. [Eli B.], 133 AD3d 654, 655 [2015]).
 

 Rivera, J.R, Hall, Roman and Christopher, JJ., concur.