Matter of Justine R. (Cara T.) (2018 NY Slip Op 01068)





Matter of Justine R. (Cara T.)


2018 NY Slip Op 01068


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-11248
2016-11249
 (Docket Nos. N-2555-16, N-2556-16, N-2557-16)

[*1]In the Matter of Justine R. (Anonymous). Administration for Children's Services, appellant; Cara T. (Anonymous), et al., respondents. (Proceeding No. 1)
In the Matter of Jenya R. (Anonymous). Administration for Children's Services, appellant; Cara T. (Anonymous), et al., respondents. (Proceeding No. 2)
In the Matter of William R. (Anonymous). Administration for Children's Services, appellant; Cara T. (Anonymous), et al., respondents. (Proceeding No. 3)


Zachary W. Carter, Corporation Counsel, New York, NY (Pamela Seider Dolgow and Emma Grunberg of counsel), for appellant.
Austin I. Idehen, Jamaica, NY, for respondent Cara T.
Joel Borenstein, Brooklyn, NY, for respondent William R.
Seymour W. James, Jr., New York, NY (Tamara A. Steckler and Patricia Colella of counsel), attorney for the children.



DECISION & ORDER
Appeals from (1) a decision of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated October 27, 2016, and (2) an order of that court, also dated October 27, 2016. The order, upon the decision, made after a fact-finding hearing, and upon the granting of the separate motions of the respondents, Cara T. and William R., made at the close of the petitioner's case, to dismiss the petitions for failure to make a prima facie case, dismissed the petitions.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Matter of Ania N. [Marzena N.], 138 AD3d 862; Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order is reversed, on the law, without costs or disbursements, the respondents' separate motions are denied, the petitions are reinstated, and the matter is remitted to the Family Court, Richmond County, for further proceedings in accordance herewith.
The respondent William R. (hereinafter the father) is the father of the three subject children. In 2013, the father and the children began living with the father's girlfriend, the respondent Cara T., and her son Vito C. On June 19, 2016, Vito C., who was approximately 19 years of age, broke down the front door of their home, punched one of the children in the face, and threatened to get a knife. When the police arrived at the scene, Vito C. was standing on the roof of the home, brandishing a knife. Once the police were able to coax him down, he was brought to a hospital.
Shortly after the June 19, 2016, incident, the petitioner interviewed family members, revealing that, over a two-year period, Vito C.'s behavior toward the father and the subject children had progressively worsened. Vito C. was alleged to have, inter alia, punched holes in the walls, urinated and defecated on the floor, urinated in the father's water bottle, put cigarettes out on the furniture, and smoked marijuana in the home. After Cara T. refused to acknowledge Vito C.'s mental health condition, the petitioner filed three petitions against her, one as to each of the children, pursuant to Family Court Act article 10, alleging that she had neglected the children based on inadequate supervision or guardianship. On June 24, 2016, after ascertaining that the father failed to obtain orders of protection on behalf of the children, the petitioner obtained temporary orders of protection on behalf of the children against Cara T. and Vito C. About one month later, the petitioner amended the petitions to include the father as a respondent.
The matter proceeded to a fact-finding hearing, and at the close of the petitioner's case, the respondents separately moved to dismiss the petitions, arguing that the petitioner failed to present a prima facie case of neglect. The Family Court granted the motions and dismissed the petitions. The petitioner appeals.
A child is deemed to be neglected if the child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent or other person legally responsible for his [or her] care to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship" (Family Ct Act § 1012[f][i][B]). Where a motion is made by a respondent at the close of the petitioner's case to dismiss a neglect petition, the Family Court must determine whether the petitioner presented a prima facie case of neglect, viewing the evidence in a light most favorable to the petitioner and affording it the benefit of every inference which could be reasonably drawn from the proof presented (see Matter of Giovanni S. [Jasmin A.], 98 AD3d 1054, 1056).
Here, contrary to the Family Court's determination, viewing the evidence in the light most favorable to the petitioner, and affording it the benefit of every favorable inference which could be reasonably drawn from the evidence (see Matter of Isiah L. [Terry C.], 154 AD3d 697), the petitioner presented a prima facie case of neglect. The evidence at the fact-finding hearing established that Vito C. was exhibiting violent, erratic behavior, which escalated over two years prior to the incident on June 19, 2016. In addition to the caseworker's testimony that she was told by various family members that Vito C. was dangerous, the petitioner introduced photographs of Vito C.'s bedroom, which corroborated the father's statements to the caseworker that Vito C. had punched holes in the walls of his bedroom, broke the mirror in his room, and filled the father's water bottle with urine. Yet, despite their awareness of Vito C.'s worsening behavior, the father and Cara T. continued to allow the children to reside together with Vito C. in the same household. This evidence established a prima facie case of neglect against the respondents.
Accordingly, the Family Court should have denied the respondents' separate motions to dismiss the petitions. Since the court terminated the proceedings at the close of the petitioner's direct case upon an erroneous finding that a prima facie case of neglect had not been established, we remit the matter for a new hearing and, thereafter, a new determination of the petitions (see Matter of Jaivon J. [Patricia D.], 148 AD3d 890, 892).
SCHEINKMAN, P.J., DILLON, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court