Matter of Gabriela T. (Angelina T.) (2018 NY Slip Op 02793)





Matter of Gabriela T. (Angelina T.)


2018 NY Slip Op 02793


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-07122
 (Docket Nos. N-14152-15, N-14153-15)

[*1]In the Matter of Gabriela T. (Anonymous). Administration for Children's Services, appellant;
and
Angelina T. (Anonymous), respondent. (Proceeding No. 1)
In the Matter of Noelia T. (Anonymous). Administration for Children's Services, appellant; Angelina T. (Anonymous), respondent. (Proceeding No. 2)


Zachary W. Carter, Corporation Counsel, New York, NY (Jeremy W. Shweder and Qian Julie Wang of counsel), for appellant.
Center for Family Representation, New York, NY (Michele Cortese and Claibourne Henry of counsel), for respondent.
Seymour W. James, Jr., New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the children.



DECISION & ORDER
In two related neglect proceedings pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Queens County (Emily Ruben, J.), dated July 17, 2017. The order, after a fact-finding hearing, and upon a finding that the petitioner failed to establish that the mother neglected the subject children, dismissed the neglect petitions.
ORDERED that the order is reversed, on the law and the facts, without costs or disbursements, the petitions are reinstated, a finding is made that the mother neglected the subject children, and the matter is remitted to the Family Court, Queens County, for a dispositional hearing and the issuance of a dispositional order thereafter.
In July 2015, the Administration for Children's Services (hereinafter the petitioner) commenced related neglect proceedings against the mother, alleging that the mother neglected the subject children by, inter alia, misusing drugs. After a fact-finding hearing, the Family Court found that the petitioner failed to establish that the mother neglected the children. The court dismissed the petitions, and the petitioner appeals.
"In a neglect proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected" (Matter of Geoffrey D. [Everton D.], 158 AD3d 758, 759; see Family Ct Act § 1046[b][i]). Unlike other forms of neglect, which require a showing that a child's well-being has been impaired or is in imminent danger of becoming impaired, "proof that a person repeatedly misuses a drug . . . , to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial [*2]state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality, shall be prima facie evidence that a child of . . . such person is a neglected child" unless the parent is "voluntarily and regularly participating in a recognized rehabilitative program" (Family Ct Act § 1046[a][iii]; see Matter of Isiah L. [Terry C.], 154 AD3d 697, 698).
Here, the petitioner presented a prima facie case of neglect based on evidence that the mother had regularly used marijuana, which she had been advised could worsen her preexisting mental health condition (see Matter of Isiah L. [Terry C.], 154 AD3d at 698-699; Matter of Nyheem E. [Jamila G.], 134 AD3d 517, 519; Matter of Ishaq B. [Lea B.], 121 AD3d 889, 889-890; Matter of Ayana Jean L., 23 AD3d 472, 473). Therefore, neither actual impairment of the children's physical, mental, or emotional condition, nor specific risk of impairment, needed to be shown to establish that the children were neglected (see Matter of Isiah L. [Terry C.], 154 AD3d at 699; Matter of Vita C. [Oksana C.], 138 AD3d 739, 740). Since the mother failed to establish that she was voluntarily and regularly participating in a drug rehabilitative program, she failed to rebut the petitioner's prima facie evidence of neglect (see Family Ct Act § 1046[a][iii]; Matter of Nyheem E. [Jamila G.], 134 AD3d at 519).
In light of our determination, we need not address the petitioner's remaining contentions.
Accordingly, we must reverse the order, reinstate the petitions, make a finding that the mother neglected the subject children, and remit the matter to the Family Court, Queens County, for a dispositional hearing and the issuance of a dispositional order thereafter.
MASTRO, J.P., ROMAN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court