Matter of Christian M. (Jill L.) (2019 NY Slip Op 07072)





Matter of Christian M. (Jill L.)


2019 NY Slip Op 07072


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2018-08479
 (Docket No. NN-17725-17)

[*1]In the Matter of Christian M. (Anonymous). Suffolk County Department of Social Services, respondent; Jill L. (Anonymous), appellant.


Heather A. Fig, Bayport, NY, for appellant.
Dennis M. Brown, County Attorney, Central Islip, NY (Jennifer L. Basile of counsel), for respondent.
Judd & Moss, P.C., Ronkonkoma, NY (Francine H. Moss of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Bernard Cheng, J.), dated July 12, 2018. The order of fact-finding and disposition, upon a decision of the same court dated June 18, 2018, made after a fact-finding hearing, inter alia, found that the mother neglected the subject child. The notice of appeal from the decision is deemed to be a notice of appeal from the order of fact-finding and disposition (see CPLR 5512[a]).
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
Contrary to the mother's contention, giving deference to the Family Court's credibility determinations (see Matter of Irene O., 38 NY2d 776, 777; Matter of Dylan G. [Victor M.], 119 AD3d 786, 787), there was sufficient evidence adduced at the fact-finding hearing of the mother's repeated misuse of prescription medication and marijuana to establish a prima facie case of neglect (see Family Ct Act § 1046[a][iii]; Matter of Giah A. [Israel A.], 154 AD3d 841, 842; Matter of Michael D. [Michael D.], 151 AD3d 851, 851; Matter of Audrey K. [Erik K.], 108 AD3d 717, 717; see also Matter of Ishaq B. [Lea B.], 121 AD3d 889, 889-890; Matter of Maria Daniella R. [Maria A.], 84 AD3d 1384, 1385). The mother, who was not participating in a rehabilitative program at the time of the hearing, failed to rebut this prima facie showing (see Matter of Chrystal W. [Renee W.], 136 AD3d 835, 835-836). Accordingly, we agree with the Family Court's determination that the mother neglected the child.
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court