Matter of Rylee K. (Robert K.) (2020 NY Slip Op 05210)





Matter of Rylee K. (Robert K.)


2020 NY Slip Op 05210


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2019-06322
 (Docket Nos. N-13224-18, N-13225-18)

[*1]In the Matter of Rylee K. (Anonymous). Suffolk County Department of Social Services, respondent; Robert K. (Anonymous), et al., appellants.


Glenn Gucciardo, Northport, NY, for appellant Robert K.
Heather A. Fig, Bayport, NY, for appellant Claire K.
Dennis M. Brown, County Attorney, Central Islip, NY (Alex J. Berkman of counsel), for respondent.
Beth A. Rosenthal, Deer Park, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals, and the mother separately appeals, from an order of fact-finding and disposition of the Family Court, Suffolk County (Bernard Chang, J.), dated May 20, 2019. The order of fact-finding and disposition, made after fact-finding and dispositional hearings, inter alia, found that the father and the mother neglected the subject child and released the child to the custody of the father and the mother under the supervision of the Suffolk County Department of Social Services for a period of one year. ORDERED
that the appeals from so much of the order of fact-finding and disposition as released the child to the custody of the mother and father under the supervision by the Suffolk County Department of Social Services for a period of one year are dismissed as academic, without costs or disbursements, as that portion of the order expired by its own terms (see Matter of Jaylen D.-H. [Jennifer D.], 163 AD3d 665); and it is further, ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
The petitioner commenced these related proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the father and the mother neglected the subject child by misusing drugs. Following a fact-finding hearing, the Family Court found that the father and the mother neglected the child. After a dispositional hearing, the court released the child to the custody of the father and the mother under the supervision of the Suffolk County Department of Social Services for a period of one year. The father and the mother separately appeal. At a fact-finding hearing in a neglect proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected (see Family Ct Act § 1046[b][i]; Nicholson v Scoppetta, 3 NY3d 357, 370; Matter of Ava A. [Steven A.], 179 AD3d 666). Unlike other forms of neglect, which require a showing that a child's well-being has been impaired or is in imminent danger of becoming impaired (see Family [*2]Ct Act § 1012[f][i]; Nicholson v Scoppetta, 3 NY3d at 370), proof that a parent "repeatedly misuses a drug or drugs . . . , to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality, shall be prima facie evidence that a child of . . . such person is a neglected child," unless the parent is "voluntarily and regularly participating in a recognized rehabilitative program" (Family Ct Act § 1046[a][iii]; see Matter of Isiah L. [Terry C.], 154 AD3d 697, 698; Matter of Chrystal W. [Renee W], 136 AD3d 835, 835-836).
Here, we agree with the Family Court's finding that the father and the mother neglected the child. The evidence of the father and the mother's repeated misuse of heroin to the extent that they were in states of stupor and had impaired judgment, as adduced at the fact-finding hearing, established a prima facie case of neglect pursuant to Family Court Act § 1046(a)(iii). Therefore, neither actual impairment of the child's physical, mental, or emotional condition, nor a specific risk of impairment, needed to be established (see Matter of Giah A. [Israel A.], 154 AD3d 841, 842; Matter of Sadiq H. [Karl H.], 81 AD3d 647). The father and the mother failed to rebut this showing. 
The father's remaining contentions are either without merit or not properly before this Court. The mother's remaining contention is without merit.
BALKIN, J.P., CHAMBERS, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court