Matter of Asani J. (Assata A.) (2024 NY Slip Op 03752)

Matter of Asani J. (Assata A.)

2024 NY Slip Op 03752

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-10728
 (Docket No. N-6654-23)

[*1]In the Matter of Asani J. (Anonymous). Suffolk County Department of Social Services, appellant; Assata A. (Anonymous), respondent.

Christopher J. Clayton, County Attorney, Central Islip, NY (Karin A. Bohrer of counsel), for appellant.
Glenn Gucciardo, Northport, NY, for respondent.
Warren S. Hecht, Forest Hills, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Suffolk County (Frank A. Tantone, J.), dated November 15, 2023. The order, upon granting the mother's motion, made at the close of the petitioner's case at a fact-finding hearing, to dismiss the petition for failure to establish a prima facie case, dismissed the petition.
ORDERED that the order is reversed, on the law, without costs or disbursements, the mother's motion to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.
The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother neglected the subject child by committing acts of domestic violence against the child's father in the presence of the child. After the close of the petitioner's case at a fact-finding hearing, the Family Court granted the mother's motion to dismiss the petition for failure to establish a prima facie case and dismissed the petition. The petitioner appeals.
"To establish neglect, [a] petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Matter of Chaim R. [Keturah Ponce R.], 94 AD3d 1127, 1130; see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]; Nicholson v Scoppetta, 3 NY3d 357, 368). Although the exposure of a child to domestic violence between parents may form the basis for a finding of neglect (see e.g. Matter of Jihad H. [Fawaz H.], 151 AD3d 1063, 1064), "exposing a child to domestic violence is not presumptively neglectful. Not every child exposed to domestic violence is at risk of impairment" (Nicholson v Scoppetta, 3 NY3d at 375 [emphasis omitted]; see Matter of Kiana M.-M. [Robert M.], 123 AD3d 720, 721).
At the fact-finding hearing, the petitioner offered, among other things, a recording [*2]of a 911 call placed by the father during the incident and the testimony of a caseworker and a responding police detective. Contrary to the Family Court's determination, viewing the evidence in the light most favorable to the petitioner and affording it the benefit of every inference which could be reasonably drawn from the evidence (see Matter of Isiah L. [Terry C.], 154 AD3d 697), the petitioner presented a prima facie case of neglect against the mother. Accordingly, the court erred in granting the mother's motion to dismiss the petition for failure to establish a prima facie case (see Matter of John M.M. [Michael M.], 160 AD3d 646, 647).
Since the Family Court terminated the proceeding after the close of the petitioner's case upon an erroneous determination that a prima facie case had not been established, we remit the matter to the Family Court, Suffolk County, to complete the fact-finding hearing and to determine the petition on the merits (see id.).
BRATHWAITE NELSON, J.P., MALTESE, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court