■ In the Matter of DAVE D. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MARY E.S., Appellant, et al., Respondent. [912 NYS2d 70]—

In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Kings County (Ruiz, J.), dated September 3, 2009, which, upon a fact-finding order of the same court dated March 3, 2009, made after a hearing, finding that she had neglected the subject child, inter alia, placed her under the supervision of the Administration for Children's Services for a period of six months. The appeal from the order of disposition brings up for review the fact-finding order dated March 3, 2009.

Ordered that the appeal from so much of the order of disposition as placed the appellant under the supervision of the Administration for Children's Services for a period of six months is dismissed as academic, without costs or disbursements, as that portion of the order of disposition expired by its own terms (*see Matter of Jordan E.*, 57 AD3d 539 [2008]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The determination of the Family Court that the appellant mother was guilty of neglect was supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [i]; *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *Matter of Nicole V.*, 71 NY2d 112, 117 [1987]). The evidence adduced at the fact-finding hearing showed that the mother reasonably should have known that the child was in imminent danger of being sexually abused and that the mother's behavior constituted a willful omission in the protection of the subject child (*see Matter of Jasmine B.*, 4 AD3d 353, 354 [2004]; *Matter of Christina P.*, 275 AD2d 783, 784 [2000]; *Matter of Sara X.*, 122 AD2d 795, 796 [1986]). Contrary to the mother's contention, the child's out-of-court statements that the mother was aware of the abuse were reliably corroborated by the mother's admissions (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d at 117-118; *Matter of Rachel H.*, 60 AD3d 1060, 1061 [2009]; *Matter of Erich J.*, 22 AD3d 849, 850 [2005]; *Matter of*

*James A.*, 217 AD2d 961 [1995]). Skelos, J.P., Dickerson, Eng and Lott, JJ., concur.