■ In the Matter of DONTAY B., a Child Alleged to be Neglected. OCTAVIA F., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. [917 NYS2d 177]—

Order of fact-finding, Family Court, New York County (Jody Adams, J.), entered on or about May 22, 2008, which, insofar as appealed from, found that respondent mother neglected the subject child by failing to provide him with adequate supervision and guardianship and proper medical care, unanimously reversed, on the law and the facts, without costs, the finding of neglect against the mother vacated, and the petition dismissed as against her.

The finding of neglect as against the mother was not supported by a preponderance of the evidence (Family Ct Act § 1012 [f]; § 1046 [b] [i]). The finding stems from an incident where the child's father struck the child in the face while the mother was at work. The father maintained that he hit the child by accident and there was no evidence that the father had previously hit the child or otherwise physically harmed him. Moreover, the domestic incident reports, which constitute the sole evidence of any violent propensities on the part of the father, were unsworn hearsay allegations (*see Matter of Christy C. [Jeffrey C.]*, 74 AD3d 561, 562 [2010]). Accordingly, there was no basis for a determination that the mother neglected the child by leaving him in his father's care while she was at work (*see Matter of P. Children*, 272 AD2d 211, 211-212 [2000], *lv denied* 95 NY2d 770 [2000]).

Although the father was later adjudicated to have committed the crime of endangering the welfare of a child, the record shows that the resulting physical injury was not serious, as evidenced by the testimony of petitioner agency's worker that the child did not need medical treatment. A single incident of excessive corporal punishment may constitute neglect (*see Matter of Rachel H.*, 60 AD3d 1060, 1061 [2009]), but the incident here was relatively mild and not part of a pattern. Therefore, the mother did not neglect the child in failing to remove him from the home in response to the single incident of excessive corporal punishment by the father (*see Matter of Alexander J.S. [David S.]*, 72 AD3d 829, 830 [2010]; *see Matter of Charles N.*, 83 AD2d 947, 948 [1981]). Indeed, the agency implicitly recognized the mother's ability to care for the child when it agreed to parole him to her care (on condition that the father not be in the home), long before the conclusion of the fact-finding hearing.

Furthermore, the agency concedes that the evidence did not support the court's finding of medical neglect. Concur—Saxe, J.P., Friedman, DeGrasse, Freedman and Abdus-Salaam, JJ.