■ In the Matter of DYLAN C. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CARMEN V., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of AALIYAH C. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CARMEN V., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of ALBERTO C. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CARMEN V., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of MELISSA V. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CARMEN V., Appellant, et al., Respondent. (Proceeding No. 4.) In the Matter of CARLOS T. III. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CARMEN V., Appellant, et al., Respondent. (Proceeding No. 5.) [12 NYS3d 558]—Appeals from (1) an order of fact-finding of the Family Court, Kings County (Emily M. Olshansky, J.), dated March 12, 2013, and (2) an order of disposition of that court dated April 26, 2013. The order of fact-finding, insofar as appealed from, after a hearing, found that the mother neglected the subject child Melissa V. The order of disposition released the subject children Dylan C., Alberto C., Aaliyah C., and Carlos T. III to the mother's care.

Ordered that the appeal from the order of disposition is dismissed, without costs or disbursements, as the mother is not aggrieved thereby; and it is further,

Ordered that the order of fact-finding is affirmed insofar as appealed from, without costs or disbursements.

The determination of the Family Court that the mother ne-

glected the subject child Melissa V. was supported by a preponderance of the evidence (*see* Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]; *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *Matter of Amber C.*, 38 AD3d 538, 540 [2007]). The evidence adduced at the fact-finding hearing showed that the mother reasonably should have known that Melissa V. was in imminent danger of being sexually abused. Under these circumstances, "a reasonable and prudent parent" would not have "failed to act" to protect Melissa V. (*Nicholson v Scoppetta*, 3 NY3d at 370; *see Matter of Dave D. [Mary E.S.]*, 78 AD3d 829 [2010]; *Matter of Selena J.*, 35 AD3d 610, 611 [2006]; *Matter of Jasmine B.*, 4 AD3d 353, 353-354 [2004]; *Matter of Christina P.*, 275 AD2d 783, 784 [2000]).

The mother's remaining contentions relating to the order of fact-finding are without merit.

The mother's appeal from the order of disposition must be dismissed. The order of disposition did not include terms relating to Melissa V., as she had reached majority by the time of fact-finding and disposition. Further, since the order of disposition returned the other children to the mother without restriction, the mother is not aggrieved by the order of disposition (*see Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010]). Leventhal, J.P., Dickerson, Roman and Hinds-Radix, JJ., concur.