Matter of Alana H. (Caitlin M.) (2018 NY Slip Op 06534)





Matter of Alana H. (Caitlin M.)


2018 NY Slip Op 06534


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2017-01725
 (Docket Nos. N-6435-15, N-6436-15, N-6440-15, N-6441-15)

[*1]In the Matter of Alana H. (Anonymous). Dutchess County Department of Community and Family Services, petitioner-respondent;
and
Caitlin M. (Anonymous), et al., respondents-appellants, et al., respondent. (Proceeding No. 1)
In the Matter of Sophia H. (Anonymous). Dutchess County Department of Community and Family Services, petitioner-respondent; Caitlin M. (Anonymous), et al., respondents-appellants, et al., respondent. (Proceeding No. 2)


Kelly M. Enderley, Poughkeepsie, NY, for respondent-appellant Caitlin M.
Christopher A. Montalto, Poughkeepsie, NY, for respondent-appellant Javier H.
James M. Fedorchak, County Attorney, Poughkeepsie, NY (Susan L. Flynn of counsel), for petitioner-respondent.
Barry H. Friedman, Poughkeepsie, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother and the father separately appeal from an order of fact-finding of the Family Court, Dutchess County (Denise M. Watson, J.), entered January 20, 2017. The order, insofar as appealed from, after a hearing, found that the mother and the father neglected the child Sophia H. and derivatively neglected the child Alana H.
ORDERED that the order is reversed insofar as appealed from, on the facts, without costs or disbursements, the petitions are denied, the proceedings are dismissed, and the orders of disposition of the same court entered September 8, 2017, are vacated (see Matter of Alana H., _____ AD3d _____ [Appellate Division Docket No. 2017-11163; decided herewith]; Matter of Alana H., _____ AD3d _____ [Appellate Division Docket No. 2018-01860; decided herewith]).
On the evening of Thursday, December 17, 2015, the mother left the subject children in the care of her boyfriend while she went to work, and left them with him again on Friday morning. During the day on Friday, the boyfriend noticed that the younger child, Sophia, who was almost three [*2]years old, had light blue bruising on her buttocks and notified the mother, but did not seek medical care. When the mother returned home, she examined Sophia and agreed with the boyfriend that no medical care was needed. Both children told the mother that the injury was the result of a fall.
The mother then brought the children to the father for a scheduled weekend visit, and alerted him to the bruising so he could monitor Sophia over the course of the weekend.
The father initially agreed that Sophia did not need medical care, but when the bruising became darker, he and the mother agreed that Sophia should be seen by her pediatrician on Monday. Sophia also complained to the father of pain in her left ankle.
On Monday, the mother attempted to contact the pediatrician, but was unsuccessful. On Tuesday morning, because Sophia was also having difficulty putting weight on her left foot, the mother brought Sophia to the hospital. On examination, medical personnel determined that the pattern of Sophia's bruises was not consistent with a fall, but was instead indicative of spanking.
The Dutchess County Department of Community and Family Services (hereinafter DCFS) filed petitions alleging neglect of both children by the mother and the father. After a fact-finding hearing, the Family Court found that DCFS had demonstrated neglect of the younger child and derivative neglect of the older child by both parents. The mother and the father separately appeal the findings of neglect against each of them.
Pursuant to Family Court Act § 1012(f)(i)(B), a neglected child is one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care" by, inter alia, "unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof." The petitioner has the burden of demonstrating, by a preponderance of the evidence (see Family Ct Act § 1046[b][i]), "first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368). Where a parent knows of the propensity of another person to inflict harm on a child, it is neglect to leave the child in that person's care (see Matter of Ethan A.H. [Daryl D.], 126 AD3d 699; Matter of Amerriah S. [Kadiatou Y.], 100 AD3d 1006, 1007; Matter of Jonathan W., 17 AD3d 374, 375). However, the petitioner must demonstrate that the parent knew or reasonably should have been aware of the danger (see Matter of Lanijah J.L. [Omisa C.L.], 146 AD3d 784, 786; Matter of Dylan C. [Carmen V.], 130 AD3d 821, 822; Matter of Ishaq B. [Lea B.], 121 AD3d 889, 890; Matter of Dave D. [Mary E.S.], 78 AD3d 829).
Here, there was no evidence that the mother had any prior knowledge of the boyfriend's alleged propensity to mistreat the children, and there was no evidence that he had done so on any prior occasion. In fact, Sophia's medical records did not contain any indication of prior neglect, maltreatment, or abuse of any kind. As the DCFS's own expert testified at the hearing, "[Sophia] was a healthy little girl and this seemed to have happened out of the blue." Under these circumstances, the mother did not neglect the children by leaving them in the boyfriend's care (see Matter of Dontay B. [Octavia F.], 81 AD3d 539, 540; Matter of Anthony WW., 26 AD3d 702, 704; Matter of Israel S., 308 AD2d 356, 358).
Likewise, the mother's failure to recognize the significance of the pattern of bruising—which the medical expert conceded would not be apparent to a layperson—cannot be faulted. Moreover, the record supports both parents' position that the decision to wait until Tuesday morning to bring Sophia to the hospital was an acceptable course of action in light of all the surrounding circumstances (see Family Ct Act § 1012[f][i]; Matter of Ariel P. [Lisa W.], 102 AD3d 795, 796). Indeed, the medical evidence showed that no treatment was required for the bruising, and that both parents had promptly sought treatment for the unrelated ankle injury.
As for the father, the undisputed evidence showed that the bruising occurred before [*3]Sophia was brought to the father's residence for a weekend visit. Further, the evidence established that it was the mother—not the father—who had left the children in the boyfriend's care. When the father took custody of Sophia on Saturday, she did not appear to be in pain, and after monitoring her throughout the weekend, the father, in consultation with the mother, agreed that Sophia should be seen by her pediatrician on Monday. The record does not support the conclusion that the father's conduct was in any way neglectful, particularly in light of the medical testimony that no treatment was warranted for the bruising and that prompt treatment was sought for the unrelated ankle injury. Furthermore, the father's failure to recognize the significance of the pattern of Sophia's bruising cannot be faulted, as he had only the mother's explanation of Sophia's injuries, which he had no cause to doubt, and the expert who testified on behalf of DCFS conceded that a layperson would not necessarily be able to distinguish between an inflicted injury and a bruise caused by a fall. Under these circumstances, it cannot be said that the father failed to "exercise a minimum degree of care" for Sophia, and thus, the evidence does not support a [prima facie] finding of neglect against him (Nicholson v Scoppetta, 3 NY3d at 368; see Family Ct Act § 1012[f][i]).
Because the record did not support the conclusion that either parent neglected the younger child, their actions toward her cannot serve as the basis for a finding that either parent derivatively neglected the older child (see Family Ct Act § 1046[a][i]).
The remaining contentions of the DCFS and the attorney for the children are without merit.
Accordingly, the order appealed from must be reversed, the petitions denied, and the proceedings dismissed.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court