Matter of Avrie P. (Meliza T.) (2020 NY Slip Op 03849)





Matter of Avrie P. (Meliza T.)


2020 NY Slip Op 03849


Decided on July 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2020

Acosta, P.J., Manzanet-Daniels, Kapnick, Singh, González, JJ.


11778 -4/18

[*1] In re Avrie P. and Another, Dependent Children Under Eighteen Years of Age, etc., Meliza T., Respondent-Appellant, Administration of Children's Services, Petitioner-Respondent.


Bryan S. Greenberg, New York, for appellant.
James E. Johnson, Corporation Counsel, New York (Jesse A. Townsend of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the children.



Order of fact-finding, Family Court, Bronx County (Michael R. Milsap, J.), entered on or about May 20, 2019, which found that respondent mother neglected the subject children, unanimously reversed, on the law and the facts, without costs, the findings of neglect vacated, and the petitions dismissed.
Petitioner failed to establish by a preponderance of the evidence that the mother neglected the children by inflicting excessive corporal punishment upon her daughter and by failing to provide the minium standard of care to supervise her son. The record shows that the mother used force, as a last resort, as an effort to bring her daughter back home. The 10-year-old child had fled the apartment because she wanted to play at the park and was bored at home. The mother was concerned for her safety and ran after her, and although the mother shouted at her to come back, the child continued running. When the mother caught up with her, she refused to go home. In an attempt to immediately return home to her five-year-old son, who she had left alone in the apartment, the mother pulled her daughter by the arms, attempted to drag her home, and pulled her hair. Under the circumstances presented, the mother's use of force did not constitute excessive corporal punishment (see Nicholson v Scoppetta, 3 NY3d 357, 369 [2004]; Matter of Peter G., 6 AD3d 201, 204-206 [1st Dept 2004], appeal dismissed 3 NY3d 655 [2004]). Moreover, the medical records and the caseworker's observations show that the daughter's injuries were minor (see Matter of Dontay B. [Octavia F.], 81 AD3d 539 [1st Dept 2011]).
Furthermore, the mother did not neglect her son by leaving him unsupervised in the apartment when she ran after her daughter. Although not ideal, the mother's choice to run after the daughter did not fall below the statutory minimum degree of
care (see Matter of Andy Z. [Hong Lai Z.], 105 AD3d 511 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2020
CLERK